HENRY A. WHEELER *vs.* SIDNEY B. CARTER & others.

Worcester.   December 6, 1901. — January 27, 1902.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, & HAMMOND, JJ.

*Municipal Corporations*, Town meetings.   *Election*, Of town officers.

St. 1898, c. 548, § 173, providing that a candidate for election shall not act as an election officer in a voting precinct, does not apply to the moderator of a town meeting.

An article in the warrant of a town meeting was " to choose all necessary town officers for the ensuing year." The town had accepted St. 1898, c. 548, § 335, which required that the selectmen should be elected for a term of three years. *Held*, that the article was sufficient; that to choose officers for the ensuing year was to choose them according to the law in force.

St. 1898, c. 548, § 179, provides, that the selectmen of towns not divided into voting precincts shall appoint tellers at least five days before an election, and that the presiding officers at the election may appoint additional tellers. At a town election the selectmen had failed to appoint tellers, and the town clerk, presiding before the election of the moderator, appointed tellers who acted throughout the meeting. *Semble*, that the authority to appoint additional tellers included the right to act when the selectmen had failed to appoint any previously, and that the appointment was good, and *held*, that at any rate the tellers were *de facto* officers and an irregularity in their appointment would not affect the legality of the election.

If a town clerk fails to record the number of votes cast at an election, where such a record is required, this does not invalidate the election. In such a case the clerk has the power, and it would be his duty, to amend the record and state the facts.

St. 1898, c. 548, § 373, providing for the punishment of a city or town clerk who fails to make a record of the votes cast at an election, does not apply to the record of the election of town officers at a general meeting of the inhabitants of a town.

Evidence that certain voters in an open town meeting refrained from voting because a candidate for selectman acted as moderator is immaterial and inadmissible.

PETITION of Henry A. Wheeler for a writ of mandamus commanding Edmund W. Wheeler to desist from acting as selectman of the town of Berlin and commanding the two other respondents, as selectmen of that town, to recognize the petitioner as selectman elected on March 4, 1901, for a term of three years, filed April 15, 1901.

The case was heard by *Loring*, J., who was of opinion that the writ should issue, but at the request of the respondents reported the case for the consideration of the full court, such order to be entered as law and justice might require.

It appeared that the petitioner acted as moderator of the meeting at which he contended that he was elected selectman.

The report of the justice, after stating that he had refused to give certain rulings requested by the respondents, continued as follows :

" I ruled that St. 1898, c. 548, § 173, applied to the election of the petitioner as selectman on the fourth day of March, 1901. I ruled that the petitioner was not ineligible to be voted for as a candidate for the office of selectman at the meeting of March 4, 1901.

" I found as a fact that the ballot box was held by the moderator while the ballots were being deposited, that after the

balloting was declared closed, he upset the ballot box upon the table and took part in assorting the ballots ; and further, that while the ballots were being counted by Sidney B. Carter and James E. Andrews, two of the respondents in this petition who had been appointed tellers by the town clerk before the petitioner was elected moderator, he stood by and corrected an erroneous count made by one of them in one instance, though he did not at that time undertake to count or to handle the ballots which were being counted. I also found that in fact sixty-five ballots were cast for the petitioner for the office of selectman, and sixty-three ballots were cast for Edmund W. Wheeler, and that thereupon the petitioner was declared elected by Sidney B. Carter. I excluded evidence offered to show that two persons refrained from voting, and that the reason that they refrained from voting was because the moderator was a candidate for the office of selectman.

" I was of opinion that these facts do not constitute a defence and so ruled.

" I found that the selectmen of the town did not appoint tellers as provided by St. 1898, c. 548, § 179, but that the town clerk, who called the meeting to order, appointed the respondents Sidney B. Carter and James E. Andrews tellers, and they acted as tellers throughout the town meeting.

" I ruled that they were legally appointed tellers. I find that they were tellers *de facto* and I ruled that the election of the town officers was not rendered void by the fact if it is a fact that they were not legally appointed tellers.

" I found that, in the record made by the town clerk, the number of ballots cast for the office of selectman was not stated, but it was stated that the petitioner was elected.

" I also found that the petitioner was declared elected to the office of selectman by the respondent, Sidney B. Carter.

" The respondents contend that [St. 1898, c. 548,] § 373 not having been complied with, the election is void. In my opinion § 373 does not apply to the record made by the town clerk of the election of town officers elected in open town meeting ; and if it did, it would not, in my opinion, render the election void ; § 373 manifestly applies to returns which have to be transmitted by the town to be canvassed by other returning boards.

"I found as a fact that St. 1898, c. 548, § 335 has been duly adopted by the town of Berlin.

"I found, as a fact, that at the town meeting of the inhabitants of the town of Berlin, held on April 3d, 1901, the vote, a copy of which is annexed to the return in this cause, marked Exhibit 2, was adopted after a vote was taken in which the inhabitants of the town of Berlin elected Carter and Andrews and Edmund W. Wheeler as selectmen.

"To the foregoing rulings of law the respondents seasonably excepted."

The vote above referred to as marked Exhibit 2, after a recital of facts in regard to the election of the petitioner at the meeting of March 4, declared "Now, therefore, it is voted that the town hereby declares the ballot taken for the election of selectman at said meeting to be null and void, and that the office of selectman undertaken to be filled at that meeting is now vacant."

*H. Parker & A. P. Rugg*, for the petitioner.

*C. F. Choate, Jr., (D. I. Walsh* with him,) for the respondents.

KNOWLTON, J.   The St. 1898, c. 548, § 173, is as follows: "No person shall at a state, city or town election be eligible or act as an election officer in a voting precinct in which he is a candidate for election, and if a person appointed an election officer becomes such a candidate, and does not forthwith resign his office, the mayor or selectmen shall, if he is a candidate at a state election, remove him from office before the first day of November, or, if he is a candidate at a city election, the mayor shall so remove him at least eight days before the day of the election, or if he is a candidate at a town election, the selectmen shall remove him before the election." The most important question in this case is whether the statute applies to the moderator of the annual town meeting in a town which does not vote by precincts, so that if he is a candidate for election to another town office, it is the duty of the selectmen to remove him from his office of moderator. Under the first section of this chapter a moderator, in the performance of a part of the duties of his office, acts as an election officer. The language is "'Election officer' shall apply to wardens, clerks, inspectors and ballot clerks, and to their deputies when on duty, and also to selectmen, town clerks, moderators and tellers when taking

part in the conduct of elections." A moderator is primarily the presiding officer at a town meeeting called for the transaction of general business, and his duties as election officer, when any such duties devolve upon him, are an incidental and often but a small part of that which he is to do. The office is of ancient origin, and its incumbent is chosen by a vote of the people. The extent and variety of his duties is illustrated by the fact that at the meeting in question at which the petitioner presided, the warrant contained twenty-five distinct articles, embracing a great variety of subjects affecting the interests of the town. It would require a pretty plain statement of legislative intention to justify us in holding that after one had just been elected to such an office and had entered upon the performance of its duties, the selectmen could remove him during the meeting, because he was a candidate for some other town office. Indeed, it has often happened that one whose services were needed as moderator was also specially qualified and for that reason generally desired for some other important town office.

The petitioner argues with much force that the section first quoted does not apply to meetings of towns not divided into voting precincts. The prohibition is against acting as an election officer in a "voting precinct," not in a general meeting of all the inhabitants of a town. The section is found in that subdivision of the act which is entitled, "Election Officers" and which treats particularly of officers appointed under that name for voting precincts. The provisions relating to elections in towns not divided into precincts appear in § 176 and the sections that follow it. It is only "a person appointed an election officer" who may be removed if he becomes a candidate for another office. These words do not fitly describe one elected by the people to the important office of moderator. That the words mean a person who becomes an election officer by appointment prior to the beginning of the election is implied in the requirement that if a candidate for an office he shall be removed, in most cases a considerable time before the election, and always at some time before the election. The choice of a moderator is a part of the annual town election, and if the election is considered as a single occasion, he could not be removed from that office before the election.

The petitioner's counsel has cited the statutes in relation to election officers and voting precincts, including St. 1884, c. 299, §§ 3–8; St. 1886, c. 264, § 8; St. 1890, c. 423, § 78, and St. 1893, c. 417, § 110, and from the course of legislation he derives an argument in support of his contention that the words " voting precincts " in the section before us, do not apply to a town not divided into voting precincts. We think there is much force in this argument, but we do not find it necessary to decide whether we should go so far as the petitioner does in this contention. Whether this section does or does not apply to tellers or ballot clerks appointed by the selectmen in towns not divided into precincts, we have no hesitation in holding that it does not apply to moderators elected by the people. The selectmen had no power to remove the petitioner from the office of moderator and there was no illegality in the petitioner's action.

It is contended that the election was invalid because the article in the warrant under which the town acted was " to choose all necessary town officers for the ensuing year," while under the law members of the board of selectmen were to be elected for three years. The town had accepted St. 1898, c. 548, § 335. An article in a warrant for a town meeting should not be interpreted narrowly. To choose officers for the ensuing year was to choose them according to the law in force in that town. This law required that the selectmen chosen for the ensuing year should be elected for a term of three years. We think that the article was sufficient. See St. 1898, c. 548, § 325.

The appointment of tellers in such meetings is required by the St. 1898, c. 548, § 179, under which the selectmen should make an appointment at least five days before the election, and presiding officers at the meeting may appoint additional tellers. The selectmen failed to appoint, and the clerk, while presiding previous to the election of the moderator, appointed two tellers who acted throughout the meeting. The town clerk was legally acting as presiding officer. St. 1898, c. 548, § 328. We think the authority to appoint additional tellers includes a right to act, if there has been a failure of the selectmen to appoint any previously. The tellers so appointed are at least *de facto* officers. *Attorney General* v. *Crocker*, 138 Mass. 214, 221. This neglect of the selectmen and the consequent irregularity, did

not affect the legality of the election. *O'Connell* v. *Matthews*, 177 Mass. 518.

The evidence that certain voters refrained from voting because the petitioner acted as moderator, was rightly rejected for reasons already sufficiently stated.

The fact that the record does not show the number of votes cast for the different candidates does not render the election illegal. If these things ought to appear of record, it would be within the power of the town clerk, and it would be his duty, to amend the record and state the facts. *Halleck* v. *Boylston*, 117 Mass. 469. But it is unnecessary to record the number of votes cast for the respective candidates at such a meeting. The St. 1898, c. 548, § 373, on which the respondents rely, does not apply to the record of the election of town officers in a general meeting of the inhabitants of the town.

Many of the requirements of the law in regard to elections in cities and towns voting in precincts are inapplicable to elections in general town meetings. It is important in meetings of the latter kind that officers should so conduct themselves as not only to prevent interference with the freedom of the ballot and to secure honesty and purity in elections, but also to furnish no grounds for suspicion of dishonesty or partiality. But if an election is conducted according to the rules of law, the court cannot interfere with the result merely because voters may have been influenced to vote or to refrain from voting by the presence of some of the candidates near the ballot box in an open town meeting.

The petitioner having been legally elected, the subsequent action of the town in declaring that there was a vacancy in his office, did not affect his rights.

*Peremptory writ of mandamus to issue.*