PARKMAN B. FLANDERS *vs.* WILLIAM W. ROBERTS & others.

SAME *vs.* WILLIAM W. ROBERTS.

SAME *vs.* WILLIAM W. ROBERTS & others.

SAME *vs.* WILLARD H. HUNKINS & others.

Essex. January 12, 1903. — January 13, 1903.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & BRALEY, JJ.

*Elections. Haverhill. Mandamus. Certiorari.*

Under R. L. c. 11, § 238, a cross marked on a ballot in the square opposite a blank, and next below the square opposite the name of a candidate, cannot be counted as a vote for that candidate, although the person who marked it voted by a cross in the proper square for each of the other nominees of the same political party, eleven in number, whose names were on the ballot.

The provision of R. L. c. 11, § 267, relating to recounts of ballots cast at a city or town election, that "the records so amended shall stand as the true records of the election," does not take away the jurisdiction of this court to correct errors of law appearing upon the face of the record.

Under St. 1867, c. 251, § 9, although the aldermen of Haverhill are the final judges of the election of aldermen, they are not the final judges of the election of the mayor.

Mandamus will lie against the registrars of voters of a city commanding them, upon a recount under R. L. c. 11, § 267, not to count certain ballots cast for mayor on which the voter's choice cannot be determined, to make and sign a statement of the questions raised by the application for a recount of the votes cast for mayor, omitting the ballots thus defective as votes for any person for that office, and to return this statement to the city clerk.

In this case it was found unnecessary to determine whether the action of a board of registrars of voters in recounting votes under R. L. c. 11, § 267, is purely ministerial, so that certiorari will not lie to correct an error in their returns.

FOUR PETITIONS, filed in December, 1902, one for a writ of certiorari and three for writs of mandamus addressed to the city clerk, the board of registrars of voters and the board of aldermen of the city of Haverhill, by which the petitioner sought to be declared the duly elected mayor of that city.

The cases were heard upon the petitions, and demurrers and answers thereto, by *Loring*, J., who reserved them for the consideration of the full court. If the petitioner was entitled to the relief prayed for, and if the court had jurisdiction in any form of proceeding or pleading to afford it, the necessary amendments, orders and decrees were to be made; otherwise, the petitions were to be dismissed.

*G. F. Williams*, for the petitioner.

*B. B. Jones*, (*J. H. Pearl* with him,) for the respondents.

LORING, J. The main question here is whether the registrars of voters were wrong in counting eighteen ballots for the republican candidate for mayor. On these eighteen ballots there was a cross in the square opposite the blank space left for the insertion of a name of a candidate whose name is not printed on the ballot, and the name of the republican candidate was just above this blank. We are of opinion that the registrars of voters were wrong in counting those ballots as they did.

The question whether these ballots were to be counted by the registrars of voters as votes for the republican candidate or not was a question to be determined from what appears on the face of the ballot and not on evidence *aliunde*.

The rule to be applied is this: If the intent of the voter can

be fairly determined, effect shall be given to that intent and the vote counted in accordance therewith. This is the rule originally laid down in *Strong, petitioner*, 20 Pick. 484, and continued under the Australian ballot system in acts which are now R. L. c. 11, § 238, providing that if the voter's " choice cannot be determined, his ballot shall not be counted "; and this has been recognized in this Commonwealth in all the reports of committees of the Legislature on which it has acted in deciding questions of this kind involved in the election of its members. See also *Woodward* v. *Sarsons*, L. R. 10 C. P. 733.

It must be taken to be established that where a cross is put in the square opposite the blank space left for the insertion of a name of a candidate by the voter, and nothing more appears, the ballot is not to be counted as a ballot for the candidate whose name is printed next above that space. This was so decided by this court in 1901. *O' Connell* v. *Mathews*, 177 Mass. 518. It had been adopted previously in 1897, by both branches of the General Court of the Commonwealth, following the action of the governor's council and of the election commissioners of the city of Boston in *Sullivan* v. *Allen*, Mass. Election Cases, (ed. 1885–1897) 99. In 1896 a similar decision had been made by the Massachusetts House of Representatives in *Morgan, petitioner*, Mass. Election Cases, (ed. 1885–1902) 85. In that case the mark was opposite the space above the printed name of the first candidate outside of the space for those candidates, and immediately over the column of the squares for the crosses. The same conclusion has been reached in Pennsylvania. *In re Flynn*, 181 Penn. St. 457.

It is sought to take this case out of the rule which has now become established, because in the case at bar the voter in case of each of the ballots in question voted by a cross in the proper square for the republican nominee for each one of all the other offices, eleven in number, on the ballot.

But the rest of each of the ballots in question shows, if it shows anything, that the voter knew exactly what he had to do, if he wanted to vote for a candidate. What he has done is to throw a ballot for a blank. We may conjecture that this was a mistake, and that it is not what he intended to do. But the question is not one of conjecture, but of what the ballot shows

that he intended to do. The ballot shows that he cast a blank vote for mayor, and we must hold that to have been his intention. The same conclusion was reached under similar circumstances by the House of Representatives of the Commonwealth in *Morgan, petitioner,* Mass. Election Cases, (ed. 1885–1902) 85.

It is to be remarked that the earlier acts in Massachusetts did not require the cross to be put in the square, (Sts. 1888, c. 436, § 23; 1889, c. 413, § 23,) as the present act does. R. L. c. 11, § 227 (re-enacting Sts. 1893, c. 417, § 162; 1898, c. 548, § 224).

The second question raised by the respondents is the right of this court to correct this error, and they have argued that the court is neither a canvassing board nor a returning board. That certainly is true, but still we are of opinion that we can correct the error. We have jurisdiction to correct errors of law appearing on the face of the papers made by a returning board in counting a ballot as a vote for a candidate for office which is not a vote for that candidate. The jurisdiction was established by *Strong, petitioner,* 20 Pick. 484, and it still exists unless it has been taken away by statute. The respondents contend that it has been taken away by R. L. c. 11, § 267. Their contention is that the words " and the records so amended shall stand as the true records of the election " prevent this court from interfering to correct an error of law, if one was made, in the recount of the votes.

The phrase relied on is found for the first time in St. 1863, c. 144, § 3; after that it is found in Sts. 1874, c. 376, § 42; 1876, c. 188, § 4; Pub. Sts. c. 7, § 36; Sts. 1884, c. 299, § 31; 1886, c. 262, § 1; 1890, c. 423, § 104; 1893, c. 417, § 207; 1898, c. 548, § 264. The original act, St. 1863, c. 144, § 3, and each one of the subsequent acts apply to elections to the House of Representatives of the United States, to elections to both branches of the General Court of the Commonwealth, and to many city councils which by their charters are final judges of their own elections. The Legislature could not constitutionally have provided that the statutory recount provided for in these acts should preclude the national House of Representatives or either branch of the General Court of the Commonwealth from dealing with any questions passed upon by the board whose duty it was to make the recount, and it cannot be held that the Legis-

lature intended by one and the same clause to preclude this court from reviewing the action of the board for errors in law in case of officers whose election is not covered by the Constitution, when it is admitted that as matter of construction in view of the provisions of the Constitution it has not made the action of that board final in case of the members of the national House of Representatives and the members of the General Court.

The reason for the clause is plain : The original return is made by one person or board of persons, namely, the precinct officers, the recount by another, the registrars of voters, and the amendment by a third person, the city or town clerk. All that the clause means is that the amendment of the return, although not made by the original maker of the return nor by the recounting · board, shall stand as amended under the section when made by the third person.

Moreover, the statutes which provide for the preservation of ballots contemplate their being kept until the contest is ended, and not merely until a recount has been had. St. 1863, c. 144, § 3. See *Opinion of the Justices,* 117 Mass. 599, 601. This again negatives the idea that the recount is final, and, without tracing this statute through all its re-enactments, it is the law to-day. R. L. c. 11, § 266.

Apart from the fact that the clause here in question is in contrast with that under consideration in *Attorney General* v. *Drohan,* 169 Mass. 534, as was pointed out in that opinion at p. 538, the matter sought to be submitted to the court there was a question of an entirely different kind from that in question in the case at bar. In that case the democratic city committee undertook to pass upon the question of fact that the plaintiffs were elected by votes of republicans at the democratic caucus in question, and the sole question was whether the democratic city committee, not whether this court, was ousted of jurisdiction. The only question submitted to the court was whether the action of the board to recount or that of the committee was final. It was not a case where this court was asked to correct an error of law made by the recounting board.

The contention that the Legislature was ousted of power to reverse the determination of the recounting board was made and overruled in *Shepard* v. *Sears,* Mass. Election Cases, (ed. 1885–1897) 30.

The respondents' next contention is that the mayor as the presiding officer of the board of aldermen is a member of the board within the provisions of its charter, St. 1867, c. 251, § 9, which makes the aldermen "judge of the elections of its own members," and that the action of that board declaring the republican candidate to be elected mayor under R. L. c. 11, § 269, is final within *Peabody* v. *School Committee of Boston*, 115 Mass. 383. They contend that this power of the aldermen is not only not revoked but is continued by R. L. c. 11, §§ 266, 269. They also contend that since by R. L. c. 8, § 5, cl. 10, " ' the words " mayor and aldermen " mean board of aldermen except as applied to appointments,' it follows that the board of aldermen were the judges of the election of the mayor and aldermen, and, as above stated, the Revised Laws do not modify their powers in that respect."

We are of opinion that although the aldermen of Haverhill are the final judges of the election of aldermen, they are not the final judges of the election of the mayor.

*Fritz* v. *Crean, ante,* 433, relied on by the respondents, was not a case where there was an error of law apparent on the face of the papers but a case where it was contended that there had been an error of computation in the counting of the ballots in the election of an officer where the result of the election had been announced to the meeting by whom the election was made and accepted by it, and where there was no provision of law for the preservation of the ballots or for a recount.

We are of opinion that the petitioner is entitled to a remedy by mandamus. He cannot maintain both mandamus and certiorari. For that reason it is not necessary to consider whether the action of the board of registrars in recounting votes under R. L. c. 11, § 267, is not purely ministerial. See in that connection *Clark* v. *Board of Examiners*, 126 Mass. 282 ; *Luce* v. *Board of Examiners*, 153 Mass. 108. If the action of the board under R. L. c. 11, § 267, is ministerial, certiorari does not lie to correct errors made by them when acting under that section. *Locke* v. *Lexington*, 122 Mass. 290. *Old Colony Railroad* v. *Fall River*, 147 Mass. 455, 462.

In the petition for a mandamus against the registrars of voters, an order may issue commanding them not to count said eighteen

ballots as votes for the republican candidate for mayor, and to make and sign a statement of the questions raised by the applications for a recount of the votes cast for mayor, omitting said ballots as votes for any person for that office, and to return said statement to the city clerk.

And it further appearing that the ballots have been impounded and are now in the custody of the clerk of this court for the county of Essex, an order may be entered directing said clerk to deliver said ballots to the registrars of voters, and directing the registrars of voters to seal each envelope with a seal provided for the purpose, and certify on each envelope that the same has been opened and again sealed in conformity to law, and to return said envelopes to the city clerk.

The petitions for mandamus against the city clerk and the board of aldermen may await further applications on the part of the petitioner if these officers fail to perform their duty on the registrars of voters correcting their count and sending a statement of the result to the city clerk.

*So ordered.*