Isaac S. Brewster *vs.* Charles H. Sherman & others.

Plymouth.　April 2, 1907. — April 16, 1907.

Present: Knowlton, C. J., Morton, Loring, Sheldon, & Rugg, JJ.

*Mandamus.　Elections.　License.　Voter.*

A voter and taxpayer of a town is a proper party to maintain a petition for a writ of mandamus ordering the board of registrars of voters of the town not to count an imperfectly marked ballot on a recount of a vote of the town on the question whether licenses shall be granted for the sale of intoxicating liquors in the town.

A writ of mandamus is the proper remedy to prevent the board of registrars of voters of a town from counting an imperfectly marked ballot on a recount of a vote of the town on the question whether licenses shall be granted for the sale of intoxicating liquors in the town.

Where a voter at an annual election of a town, who has made a cross in each of the squares opposite the names of the officers for whom he voted, makes in the square at the right of the word " Yes " following the question " Shall licenses be granted

---

for the sale of intoxicating liquors in this town ? " a diagonal mark and nothing more, this warrants a finding that the voter's choice cannot be determined and that the ballot should not be counted on this question.

PETITION, filed on March 13, 1907, by a voter and taxpayer of the town of Plymouth for a writ of mandamus directed to the board of registrars of voters in that town and the town clerk ordering the board not to count a certain defective ballot described in the opinion, and to make and file with the town clerk a new and amended certificate of a recount of votes made by them as described in the opinion, and ordering the town clerk to amend the record of the meeting accordingly.

The case was heard by *Braley*, J., who found the facts which are stated in the opinion. He ordered that a peremptory writ of mandamus issue in accordance with the prayer of the petition, and at the request of the respondents reported the case for determination by the full court. If the order was right it was to be affirmed; otherwise, such order was to be made as law and justice might require.

The case was submitted on briefs.

*C. S. Davis*, for the respondents.

*W. H. Osborne & M. Collingwood*, for the petitioner.

KNOWLTON, C. J.    At the last annual election in the town of Plymouth, the votes upon the question, "Shall licenses be granted for the sale of intoxicating liquors in this town ? " were counted by the tellers, who reported that six hundred and thirty-six ballots had been cast in the affirmative, and six hundred and thirty-seven in the negative, and that there were thirty-eight blank ballots. Two days later a petition for a recount of these ballots was filed with the town clerk, and, accordingly, the registrars of voters, who are the respondents in this suit, recounted them. In their certificate they declared and certified the vote on this question to be six hundred and thirty-eight ballots in the affirmative, six hundred and thirty-seven in the negative, and thirty-six blank ballots. It appears that, among the ballots counted as affirmative, there is one that shows, in the square opposite to the word " Yes " which follows the question, a diagonal mark, and nothing more. In this ballot it appears that, in voting for town officers, the voter made a cross in the squares opposite the names of the officers for whom

he voted, showing that he was of sufficient intelligence clearly and legally to indicate his choice.

This is a petition for a writ of mandamus to compel the registrars of voters not to count this ballot, and to make and file with the town clerk a new and amended certificate of the recount of ballots, in which it shall be stated that the total number of votes in the affirmative on said question was six hundred and thirty-seven, and the total number of votes in the negative was six hundred and thirty-seven, and that the number of blank ballots was thirty-seven.

The petitioner is a voter and taxpayer of the town, and the first question raised is whether he is a proper party to invoke a remedy of this kind. It is contended that, to maintain a petition for a writ of mandamus, he should have a private right or interest in the matter, beyond the right and interest of all the citizens of the town. The proposition contended for has sometimes been stated as the rule, and it is correct in its application to some cases. See *Wellington, petitioner,* 16 Pick. 87, 105; *Pearsons* v. *Ranlett,* 110 Mass. 118, 126. The general doctrine is stated in High, Ex. Leg. Rem. (3d ed.) § 431, as follows: " When the question is one of public right and the object of the mandamus is to procure the enforcement of a public duty, the people are regarded as the real party in interest, and the relator at whose instigation the proceedings are instituted need not show that he has any legal or special interest in the result, it being sufficient to show that he is a citizen and as such interested in the execution of the laws." In support of this proposition he cites cases from many States, although decisions from four States are cited to the contrary. This is the rule applied in *Union Pacific Railroad* v. *Hall,* 91 U. S. 343, 354, 355, and, as shown in that case, it prevails also in England. See *The King* v. *Severn & Wye Railway,* 2 B. & Ald. 646; *Rex* v. *Westmorland,* 1 Wils. 138; *Rex* v. *Kent,* 14 East, 395; *Rex* v. *Cumberland,* 1 M. & S. 190. In *Attorney General* v. *Boston,* 123 Mass. 460, 479, Chief Justice Gray says: " There is a great weight of American authority in favor of the doctrine that any private person may move, without the intervention of the attorney general, for a writ of mandamus to enforce a public duty not due to the government as such," and he inti-

mates, without deciding, that this is the law of Massachusetts. See *Warren* v. *Mayor & Aldermen of Charlestown,* 2 Gray, 84; *Larcom* v. *Olin,* 160 Mass. 102, 110. Inasmuch as the proceedings are instituted under our statute by a petition, and the trial is usually had upon the petition, there is a peculiar reason why the general rule should apply in this Commonwealth. R. L. c. 192, § 5. In regard to the question whether licenses shall be granted for the sale of intoxicating liquors in Plymouth, no private right is involved, as distinguished from that of all the inhabitants of the town. The petitioner is a proper party to sue for a writ of mandamus.

The single justice was unable to find as a fact that the diagonal mark constituted a cross, or indicated that the voter intended to vote and had voted " Yes " upon the question submitted. He found that " the voter either may have intended to vote ' Yes,' and then failed to complete the cross necessary to express his purpose; or he may have begun with such an intention, and then concluded not to do so, when, instead of erasing or crossing out the mark already made, he left it as it appears." Having found that the ballot was defective, and improperly counted, he ordered a peremptory writ of mandamus to issue, and reported the questions of law to this court.

That a writ of mandamus is the proper remedy in a case of this kind was decided, after full consideration, in *Flanders* v. *Roberts,* 182 Mass. 524. See also *Keough* v. *Holyoke,* 156 Mass. 403; *Wheeler* v. *Carter,* 180 Mass. 382; *Blackmer* v. *Hildreth,* 181 Mass. 29; *O'Connell* v. *Mathews,* 177 Mass. 518. The R. L. c. 11, § 421, which gives the courts "jurisdiction at law or in equity to enforce the provisions of this chapter," etc., includes jurisdiction in the Supreme Judicial Court to issue a writ of mandamus in a proper case. The facts and the appropriate remedy in *Perry* v. *Hull,* 180 Mass. 547, relied on by the respondents, were very different from those in *Flanders* v. *Roberts,* and from those in the present case. The decision in *Perry* v. *Hull* was simply that the court will not issue a writ of mandamus in a case where an appropriate and effectual remedy in equity is given by the statute. In a case like the present, the remedy in equity referred to in the statute was not intended to take the place of a remedy by a writ of mandamus, and it would not be adequate.

The findings of the judge in regard to the ballot were well warranted. The manner of voting in a case of this kind is by the voter's " making a cross in the square at the right of the answer which he intends to give," as prescribed by the R. L. c. 11, § 227. The voter failed to do this. His intent, and the reason for his failure to express it, are left to mere conjecture. The difficulty of finding an intention to vote in a particular way, when the intention is not expressed as prescribed by the statute, is pointed out in *Flanders* v. *Roberts*, 182 Mass. 524, and in the numerous decisions there cited. See also *O'Connell* v. *Mathews*, 177 Mass. 518. In the R. L. c. 11, § 238, it is expressly provided that a ballot shall not be counted if the voter's " choice cannot be determined." There was no error of law in the rulings or findings.

*Peremptory writ of mandamus to issue.*