WINFRED C. MACBRAYNE *vs.* CITY COUNCIL OF LOWELL.

MAYOR OF LOWELL *vs.* SAME.

Suffolk.    March 21, 1922. — May 18, 1922.

Present: RUGG, C.J., BRALEY, DE COURCY, CROSBY, & JENNEY, JJ.

*Lowell. Mandamus. Practice, Civil, Amicus curiae.*

Upon the charter of the city of Lowell, St. 1921, c. 383, becoming operative on January 2, 1922, the mayor on January 3 under § 22, Part 1, made a nomination for the office of superintendent of police. The city council laid the nomination on the table and no further action upon it was taken. On the same day the mayor under § 36, Part 1, removed from that office one who had held it for ten years, stating his reasons in the removal order, and appointing

his nominee temporarily to hold the office. The officer so removed demanded a public hearing by the city council under § 36, Part 1. While hearings were in progress, the mayor and his appointee each sought a writ of mandamus commanding the city council "to refrain from taking any further action . . . in relation to the reinstatement" of the officer removed by the mayor. The removed officer moved to be admitted as a party respondent. *Held*, that

(1) While the removed officer was a "third person who has or claims a right or interest in the subject matter" of the proceedings, so that under G. L. c. 249, § 5, the court might permit him to appear, it was sufficient in the present case to permit him to act as *amicus curiae;*

(2) While, under § 15 of the charter, the term of office of the removed officer ended on January 2, 1922, the statute did not work an ouster and he continued in office until his successor should be appointed, confirmed and qualified;

(3) There was no vacancy which had arisen under § 15 of the charter when the mayor made his new appointment and the operation of that section did not give the mayor power to make a temporary appointment under § 43, Part 2;

(4) Upon removal of the former incumbent of the office under § 36, Part 1, the mayor had power to make a temporary appointment under § 43, Part 2, pending the determination of the hearings being held by the city council as to the removal of the former superintendent;

(5) The hearings being held by the city council as to the removal of the former superintendent were in accordance with the charter;

(6) The petitions were dismissed.

Two PETITIONS, filed in the Supreme Judicial Court on February 8, 1922, the first by one appointed by the mayor of Lowell to the office of superintendent of police, and the second by the mayor, seeking writs of mandamus commanding the members of the city council to refrain from taking any further action as the city council of Lowell, or as members of the city council, in relation to the reinstatement of Redmond Welch as superintendent of police.

The facts being agreed upon, the cases by order of *Jenney*, J., were consolidated and were reserved for determination by this court upon the petitions, answers, agreed statement of facts and motion by Redmond Welch to be made a party respondent. Material facts are described in the opinion.

Material portions of St. 1921, c. 383, § 15, are described in the opinion. Material portions of §§ 36 and 43 are as follows:

"Section 36. Part 1. The mayor shall have the power to suspend or remove from office any administrative head of a department or any member or members of boards or commissions for cause which in his judgment he may deem sufficient, and shall file with the city council, through the city clerk, his reasons

therefor. The administrative head of a department or any member or members of boards or commissions suspended or removed by the mayor, may, within forty-eight hours after said notice of suspension or removal has been received, file with the city clerk a demand for a public hearing before the city council, and shall be privileged to be represented by counsel and present witnesses at said hearing.

"Part 2. If after a hearing the city council shall by a two thirds vote of all its members vote to reinstate the officer so suspended or removed, the order of suspension or removal shall be invalid. The city council may by a two thirds vote of all its members, but only after granting a public hearing, suspend or remove from office, without the consent of the mayor, each and every administrative head of a department, or any member or members of boards or commissions for such cause as the city council voting, by yeas and nays, may in its judgment deem sufficient. . . ."

"Section 43. Part 1. All executive powers which are now by law vested in the municipal council of the city of Lowell shall hereafter be vested in and exercised by the mayor of said city except as otherwise provided herein.

"Part 2. The mayor may suspend or remove from office the administrative head of any department, or any member or members of boards or commissions in accordance with section thirty-six of this act, and may make nominations and temporary or permanent appointments as hereinafter provided.

"Temporary appointments may be made by the mayor, without confirmation by the city council, to any administrative office, board or commission made vacant by resignation, death, suspension or removal from office either by the mayor or the city council, or by any other cause, of the administrative head of any department or of any member or members of boards or commissions.

"Part 3. Said temporary appointments, in case of a suspension or removal, shall be in effect only for the period of time allowed for the filing of notice of demand for and during a public hearing before the city council, and pending a decision thereon, or in other cases pending confirmation by the city council of a permanent nomination.

"Part 4. All nominations made by the mayor that are subject to confirmation by the city council to fill expired or unexpired terms of office shall be considered by the city council, and confirmation or rejection of said nominations shall be acted upon within a period of thirty days. If no action is taken by the city council within said period, the mayor shall withdraw said nomination, and file another nomination either of the person first nominated, or of a different person; provided, however, that the mayor shall not nominate any person more than twice in the same year for the same office. . . .

"Part 11. . . . Should the administrative head of a department, or member of a board or commission be temporarily unable for any cause to perform his duties, the mayor may designate, without confirmation by the city council a temporary appointee until such official shall resume his duties."

*J. M. O'Donoghue,* for the petitioners.

*J. J. Kerwin,* for the city council.

*A. S. Howard, (F. M. Qua* with him,) for Welch.

Rugg, C. J. These are petitions for writs of mandamus which have been reserved for our determination on the petitions, answers, agreed statement of facts and motions of Redmond Welch to be made a party.

The present charter of the city of Lowell, St. 1921, c. 383, became operative on the second day, being the first Monday, of January, 1922.

The petitioner Brown, as mayor of the city of Lowell, on January 3, 1922, nominated the petitioner MacBrayne to be superintendent of police. This nomination was within the power of the mayor under § 22, Part 1 of the charter, but it was "subject to confirmation by a majority vote of all the members of the city council." The nomination was laid on the table by the city council as soon as received and has not further been acted upon. On the same day the petitioner Brown removed from the office of superintendent of police Redmond Welch, who was lawfully holding that office and had held it for about ten years immediately preceding. Reasons were stated in the removal order which was filed with the city council. It is provided by § 15 of the charter that the terms of office of numerous city officials, including the superintendent of police, "shall terminate at ten

o'clock in the forenoon of the first Monday in January, nineteen hundred and twenty-two. They shall continue in office, however, until their successors have been appointed, confirmed and qualified." In § 36, Part 1, are these words: "The mayor shall have the power to suspend or remove from office any administrative head of a department . . . for cause which in his judgment he may deem sufficient, and shall file with the city council, through the city clerk, his reasons therefor. The administrative head of a department . . . removed by the mayor, may, within forty-eight hours after said notice of . . . removal has been received, file with the city clerk a demand for a public hearing before the city council, and shall be privileged to be represented by counsel and present witnesses at said hearing." By Part 2 of the same section power is conferred upon the city council after a hearing, by a two thirds vote of all its members, to reinstate a removed officer. Pursuant to this provision Welch demanded a public hearing, which was not finished when these petitions were filed.

The object of these petitions is to require the city council to refrain from taking further action in relation to the reinstatement of Welch.

Welch has petitioned to become a party to these petitions and he has filed a brief. He is a "third person who has or claims a right or interest in the subject matter" so that the court may permit him to appear in mandamus proceedings. G. L. c. 249, § 5. The writ of mandamus may be used to try title to a municipal office. *Keough* v. *Aldermen of Holyoke,* 156 Mass. 403. *Wheeler* v. *Carter,* 180 Mass. 382. It is sufficient for the purposes of the present case to permit him to act as *amicus curiae.* *Commonwealth* v. *Kozlowsky,* 238 Mass. 379, 382. His brief and argument have been carefully considered.

The regular term of office of Welch as superintendent of police terminated on the first Monday of January, 1922. But the office did not then become vacant, because the same section of the charter, which declared the point of time of termination, extended or prolonged his former term of office until his successor should be appointed, confirmed and qualified. The statute did not work an ouster. The term had come to an end but the former incumbent continued to hold by virtue of his immediately preceding appointment until such time as his successor should

become ready under the new charter to take his place, when he would automatically be displaced. It is within the power of the Legislature to extend and to change the tenure of a city officer. *Barnes* v. *Mayor of Chicopee,* 213 Mass. 1, 5. The plain effect of the words of § 15 already quoted is to prevent the existence of a vacuity in the office, by continuing as a *de jure* officer the previous incumbent, whose term otherwise has come to an end, until his successor, appointed as a permanent officer under the charter, shall be ready to take over the duties of the office. Thus a hiatus will be avoided. It is a practical provision to preserve the good order of the community by extending in office continuously a head of the police department. There was no vacancy in the office such as would have existed in case of death, resignation, removal, suspension or other supervening cause. The fixed term of office simply came to an end, so that in accordance with the provisions of the charter a new officer could be named as successor, but in the meantime the previous superintendent continued in office. *Attorney General* v. *Loomis,* 225 Mass. 372. *People* v. *Tilton,* 37 Cal. 614. *Commonwealth* v. *McAfee,* 232 Penn. St. 36. *State* v. *Hadley,* 64 N. H. 473. 1 Dillon, Mun. Corp. (5th ed.) § 414, and cases collected in note. It follows that there was no vacancy in the office of superintendent of police arising from the terms of § 15. Hence the power to make a temporary appointment to that office without confirmation by the city council under § 43, Part 2, did not vest in the mayor by reason of the terms of § 15.

The mayor, however, removed Welch from office under § 36, Part 1, already quoted. The same power is referred to in § 43, Part 2. This removal was within the power of the mayor as set forth in those two sections. Although there is room for doubt on this point, the sounder construction of the statute on the whole is that the prolongation of the previous term wrought by the words of § 15 does not have the effect of exempting such holdover officers from the general power of removal by the mayor. The force of that section puts the officers whose terms thus are extended on the same footing as all other officers in respect to removal. It affords them no special immunity and confers on them no tenure superior to that of other city officers. There are no limitations expressed in § 36, Part 1, and § 43, Part 2,

on the broad power of the mayor to remove city officers.   Therefore, the mayor had power to remove Welch from office.

It results from these conclusions that the city council was acting pursuant to its charter obligation in granting a public hearing to Welch.   He duly filed his demand therefor and was entitled to it as of right.   It is the duty of the city council to continue that hearing.   It will be within its jurisdiction after that hearing to reinstate Welch in the office of superintendent of police by a two thirds vote of all its members.   Upon the passage of such a vote the order of removal made by the mayor will become invalid.   § 36, Part 2.

The temporary appointment of the petitioner MacBrayne as superintendent of police by the mayor after his removal of Welch is valid only as a temporary appointment, according to the tenure established by § 43, Part 3.

In each case the entry may be

*Petition dismissed.*