CHARLES H. ANDREWS *vs.* BOARD OF REGISTRARS OF VOTERS
OF EASTON & another.

Bristol.    October 23, 1923. — November 27, 1923.

Present: RUGG, C.J., BRALEY, DeCOURCY, PIERCE, & JENNEY, JJ.

*Board of Registrars of Voters. Easton. Mandamus. Pleading, Civil,* Parties,
Abatement, Amendment in Supreme Judicial Court. *Election. Practice,
Civil,* Finding by trial judge, Exceptions, Mandamus proceedings. *Supreme
Judicial Court.*

Under G. L. c. 231, § 125, this court has jurisdiction and power, pending a
hearing of exceptions by the respondents in a petition for a writ of mandamus
against the registrars of voters of a town, to allow a motion by the petitioner
to amend the petition to admit as one of the respondents a town clerk who
had been elected to his office after the exceptions were filed in this court
upon the death of his predecessor in office and who under G. L. c. 51, § 15,
by virtue of his office was a member of the respondent board.

Since it was the intention of the Legislature by G. L. c. 51, § 15, to constitute
the board of registrars of voters of a town a continuous body, a petition for
a writ of mandamus directed to the board does not abate by the death of
the town clerk, who by virtue of his office is a member of such board, but
upon a motion duly made the successor of the deceased town clerk may be
substituted in his place as one of the respondent board.

A petition for a writ of mandamus is a proceeding at law and not in equity.

Where, after hearing a petition for a writ of mandamus directing the registrars of
voters of a town not to count certain votes which had been counted by them
in favor of the petitioner's opponent at an election, a single justice of this
court finds that such votes should not be counted for the petitioner's op-
ponent and the opponent, admitted as a party to defend the action, alleges
exceptions, the full court will not review nor revise the finding by the
single justice, but may only determine whether it can be supported in law
or whether as a matter of law it must be reversed.

Where, at the hearing above described, it appeared that ballots which had been
counted by the respondents as in favor of the petitioner's opponent did
not have crosses in the space directly opposite the opponent's name but,
opposite a blank space immediately below the opponent's name, had crosses
a small portion of which extended above the line between such blank space
and the space opposite the name of the opponent, a finding by the single
justice that such " ballots were so marked as to make uncertain the intent
of the voters, that the intention of the voters who marked those ballots
was left wholly to speculation and conjecture," and a ruling by him that
the respondents were in error in counting such ballots for the petitioner's
opponent, were *held* to be warranted.

PETITION, filed in the Supreme Judicial Court on April 14, 1923, for a writ of mandamus requiring the respondents, Luther E. Swift, Sigfred V. Ledin, George A. Lackey and Frederick Hanlon, town clerk of the town of Easton, who were made respondents as " the duly constituted board of registrars of voters " of the town of Easton, not to count certain five ballots cast in an election of an assessor in the town, as described in the opinion, for Frank P. Keith " and to make and sign a statement of the questions raised by the application for a recount of the votes cast for assessor and to return said statement to the town clerk of said Town of Easton."

Frank P. Keith was allowed to intervene and defend.

The petition was heard by *Crosby*, J. Material facts found by him are described in the opinion. He ordered that a writ of mandamus issue " as prayed for." Frank P. Keith alleged exceptions.

When the exceptions came on for hearing by this court, Frank P. Keith filed a plea in abatement, based on the death of the respondent Frederick Hanlon, who was the town clerk and by virtue of his office a member of the board of registrars of voters, and the petitioner filed a motion to amend his petition by including in place of the deceased town clerk his successor in office, Albert R. Wood.

*S. P. Hall*, for the respondent Keith.

*D. F. Buckley*, for the petitioner.

RUGG, C.J. This is a petition for a writ of mandamus. It involves the election of assessor in the town of Easton at the annual town meeting in March of the current year. A recount of votes cast in the election was duly had by the board of registrars of voters upon proper proceedings. G. L. c. 54, § 135. The present petition was brought against that board by one of the candidates claiming to have been elected. The other chief candidate, Keith (who was found by the registrars to have received the same number of votes as the petitioner), was allowed to intervene as the real party in interest and to conduct the defence. G. L. c. 249, § 5. *MacBrayne* v. *City Council of Lowell*, 241 Mass. 380, 384. When the case came on for argument before this court on exceptions allowed by the single justice, a plea in abatement

was filed by Keith alleging that subsequent to the hearing before the single justice the respondent Hanlon, town clerk and one of the registrars of voters, had ceased to be town clerk and one of the registrars of voters. G. L. c. 41, § 109. Appropriate certificates to that effect were annexed to the plea. Thereupon the plaintiff moved to amend his petition by substituting the present town clerk, one Wood, in place of Hanlon. Counsel appeared representing Wood.

These proceedings, if proper in their essentials, now may be had before the full court, as well as in the trial court. G. L. c. 231, § 125.

The board of registrars of voters consists of four members. The town or city clerk is one by virtue of his office. The three others are members for such terms that one goes out of office each year and his successor is appointed for a term of three years. G. L. c. 51, § 15. Except by some unusual occurrence, there will always be three members of the board. Plainly the Legislature intended that the board should be a continuous body. The case at bar on this point comes within the principle of numerous decisions. *Fairbanks* v. *Mayor & Aldermen of Fitchburg,* 132 Mass. 42, 44. *Collins* v. *Mayor & Aldermen of Holyoke,* 146 Mass. 298, 306. *Taintor* v. *Mayor & City Council of Cambridge,* 192 Mass. 522, 523. *Zeo* v. *City Council of Springfield,* 241 Mass. 340, 345.

A writ of mandamus against a single public officer or the head of department or bureau to enforce the performance of official duty is a personal action founded on the fact that the defendant has failed to discharge a personal obligation in connection with his office. Therefore such action, in the absence of a statute to the contrary, commonly must abate upon the death or retirement from office of the original defendant. It cannot be amended by the substitution of his successor, who is not his personal representative and cannot be held responsible for his delinquencies. Where, however, the writ is directed against a continuing municipal board, with a constant official duty, with respect to a delinquency in the execution of such official duty, then, since the power to perform persists in the board, a change of

one or more of the persons composing the board does not work abatement of the petition but it may be prosecuted against those who are its members, those newly chosen being brought in by amendment in place of those who have vacated office. *Knights* v. *Treasurer & Receiver General*, 236 Mass. 336, 338, 339, 340, where cases are collected and reviewed.

It follows that the petition did not abate on the retirement from office of the town clerk, and that the present incumbent of that office may be brought in as a party by amendment.

The facts with respect to the merits of the controversy, as found by the single justice, are in substance as follows: At an election held in the town of Easton for the choice of assessor for the term of three years and for the election of other town officers, the petitioner and one Frank P. Keith were candidates for the office of assessor for three years and their names were respectively printed upon the official ballot used at the election. Upon the returns made by the precinct officers of the various precincts of the town it appeared that Andrews received three hundred and fifteen votes and Keith received three hundred and seven votes. Thereafter a sworn statement of grounds for a recount of the ballots cast for assessor was duly filed with the town clerk and transmitted to the board of registrars of voters, which recounted the ballots, determined the questions raised, and completed their recount as required by law. Upon the recount the registrars found and determined that Andrews received three hundred and sixteen votes and that Keith received three hundred and sixteen votes. The case was submitted to the single justice upon the pleadings, together with six ballots cast at the election. On the ballots in the column of candidates for assessor, the name of the petitioner and the name of Frank P. Keith and the names of four other candidates for that office were printed. The name of Keith was the last printed name of the candidates for assessor; immediately below was the blank space designed according to law for a voter to write a name for assessor other than any of the printed names. Upon four of the six ballots a cross was marked in the square directly opposite the blank space

and below the space opposite the name of Frank P. Keith. Upon the ballots so marked no name was written in the blank space. These four ballots were counted by the registrars for Keith. The cross on each of these ballots extended from the bottom line of the space to a point slightly above the line between the blank space and the space in the square opposite the name of Keith. The single justice found that the ballots were so marked as to make uncertain the intent of the voters, that the intention of the voters who marked those ballots was left wholly to speculation and conjecture, and accordingly ruled that the registrars were in error in counting these votes for Keith. Of the remaining two disputed ballots it was found that one showed plainly the intent of the voter that it should be cast for Keith, and that the marking upon the other did not disclose the intent of the voter. Having thus found that five of the ballots counted for Keith ought not to have been so counted, the result followed that the petitioner received a plurality of the votes cast and was elected. The preëmptory writ was ordered to issue. The respondent Keith " excepted to the findings and order." The six original ballots were made a part of the bill of exceptions.

This is a proceeding at law and not in equity. Although the only evidence submitted to the single justice was the six disputed ballots, this court does not stand with respect to the decision of the case where the single justice stood. That principle applies in equity. The question presented to this court in an action at law with full report of evidence, where the trial court has made a decision, is whether that decision can be supported as matter of law on any rational view of the evidence. We do not review and revise that decision. We determine only whether it can be supported in law, or whether as matter of law it must be reversed. *Mansfield* v. *Secretary of the Commonwealth*, 228 Mass. 262. *Atlantic Maritime Co.* v. *Gloucester*, 228 Mass. 519, 522. *Moss* v. *Old Colony Trust Co. ante,* 139, and cases collected in each decision.

The finding of fact that the intent of the voter was not shown by the marking on the crucial ballots cannot be over-

turned by asking us to make a different finding of fact on inspection of those ballots. The question for us to determine is whether there was any evidence to support the finding. *Aradalou* v. *New York, New Haven & Hartford Railroad,* 225 Mass. 235, 239.

It is plain from the accurate description of the ballots set forth in the exceptions as well as from inspection of them that the finding was right to the effect that they do not disclose the intent of the voter. The slight extension of the ends of the cross, unmistakably marked in the square opposite the blank, into the square above opposite the name of Keith would not have warranted a finding of a purpose to vote for Keith. *O'Connell* v. *Mathews,* 177 Mass. 518, 521. *Flanders* v. *Roberts,* 182 Mass. 524, 526. *Brewster* v. *Sherman,* 195 Mass. 222, 226.

> *Plea in abatement overruled.*
> *Amendment of petition allowed.*
> *Exceptions overruled.*