ENRIQUE MATTA, Plaintiff and Appellee, *v.* INSULAR BOARD OF ELECTIONS, Defendant and Appellant.

No. 3606. Argued May 27, 1925.—Decided July 30, 1925.

1. MANDAMUS—PLEADING.—If the complaint in mandamus proceedings lacks an essential allegation which is expressed in the answer, and the parties proceed to a trial and a judgment is rendered in the plaintiff's favor, the omission in the complaint is considered cured by the answer.

2. ID.—ID.—In this case it was held that in the absence of a demand for greater specification the petition was sufficient.

3. ID.—ELECTIONS—RECOUNT OF VOTES.—The right to demand a recount of the votes of a certain municipality is given to a member of the Insular Board of Elections and not to a petitioner in mandamus proceedings filed to compel the said board to make a recount.

4. ID.—ID.—CONTEST—CERTIORARI.—The remedy by certiorari given in section 89 of the Elections Law as amended by the Act of 1924 (p. 34) is not exclusive and any other proceeding which would accomplish the purpose of a petitioner is equally available.

5. ID.—ID.—ID.—ID.—RECOUNT.—Mandamus is the proper remedy to compel the Insular Board of Elections to make a recount of the ballots cast in a municipality, and it is a ministerial duty of said board to count on request of any of its members the number of persons who voted in a polling place as well as to recount the ballots in any of the polling booths.

6. ID.—ID.—ID.—ID.—ID.—If the request for a recount of the votes of a municipality is made in time by a member of the Insular Board of Elections and the board refuses to comply with the request, the courts may compel said board by mandamus to make the recount.

First District Court of San Juan, Charles E. Foote, J. Judgment granting a writ of mandamus without costs. *Affirmed.*

The *Attorney General, R. H. Todd, Jr.,* and *C. Llauger Díaz* for the appellant. *Bolívar Pagán* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

The Insular Board of Elections, which, as we shall see, is a permanent body, met to consider and revise the elections of 1924. On December 2, 1924, the said board took up a canvass of the votes cast in the municipality of Fajardo, and neither on that date nor immediately thereafter was any objection, request or challenge made of returns for said municipality. The objection or request, however, was made on December 29, 1924, at the time when the Insular Board had completed a scrutiny and canvass for the whole Island, but before the Board had made its report to the Governor, as required by law. As the Board refused to recount or recanvass the vote of said municipality, the petitioner filed an application for a writ of mandamus. The District Court of San Juan heard the petition and proof and, in effect, ordered the Insular Board of Elections to make a recount of the votes cast in said municipality. It may be said that some of the principal questions raised in this appeal, so far as they are meritorious, are founded on the theory that objections should have been made on December 2nd and that the objections made on December 29th came too late.

[1] The first assignment of error is scarcely a meritorious one. It attacks the sufficiency of the petition to show a due demand on the Insular Board for a recount. The answer of the Insular Board of Elections itself shows that objections were formally made on December 29th by an authorized member of the Board. The alleged tardiness of the objection is treated under other assignments of error. In *Domínguez* v. *Porto Rico Railway, Light & Power Co.*, 19 P.R.R. 1034, we held that when a complainant proceeds to trial and judgment is rendered in his favor, if the complaint lacks an essential allegation which is expressed in the answer, the omissions of a complaint are considered cured by said answer. This doctrine was repeated in *Viñas* v. *Gandía & Co. et al.*, 25 P.R.R. 202.

[2] We hold that in the absence of a demand for greater specification, a petition is sufficient which describes an error in the count of a municipality and recites "at a public and formal session of the Insular Board of Elections and after the commencement and before the termination of its proceedings looking to the canvassing of said precinct in connection with said elections, a member of the said board asked for a recount of the persons voting at the different polling stations of said precinct, the stated contradictions wherein exceeded one hundred, and that said board refused to count such persons as required by said member; and that the said board also refused, despite the request made at the public and formal session by a member thereof, to recount the ballots of the respective polling booths of said precinct whose said contradictions exceed one hundred and may change or affect the election as to said candidates."

[3] Furthermore, if to make objection on December 29th was not too late, then, as the evidence clearly showed that the objection was made at that time, the case would fall within section 142 of the Code of Civil Procedure providing that the court should disregard any error or defect in the

pleadings or proceedings which does not affect the substantial rights of the parties.

In discussing the first assignment of error the appellant also insisted that it did not appear that the petitioners had made due demand on the Board, but the appellee very well replied that the right to make objection is fixed in a member of the Board and that Mr. Bolívar Pagán sufficiently represented the petitioner.

[4] The second assignment of error sets up that mandamus does not lie because the petitioner had an adequate remedy at law. The theory is principally that section 89 of the Electoral Law, as finally amended in 1924, gives an exclusive remedy by certiorari. The pertinent part of said section is as follows:

"*And provided, further,* That the result of the canvass of an election as declared by the Insular Board of Elections and published by the General Supervisor of Elections shall be final, unless the same shall be contested by a *certiorari* or other authorized legal proceeding, filed within fifteen days from the date of the publication of the result of such canvass, in a court of competent jurisdiction, and a *certiorari* proceeding in the District Court of San Juan is hereby authorized in such cases . . ." Laws of 1924, pp. 34, 36.

We are satisfied from our inspection of the authorities cited by the appellant that when the courts say that mandamus does not lie because of a sufficient other remedy the said courts are speaking of a special statutory remedy, such, for example, as formerly existed in Porto Rico, whereby a contest was provided. There is now no special remedy in Porto Rico except that given in section 89, *supra.* This section authorizes a proceeding by certiorari or other legal proceeding. Hence, any other writ which would accomplish the purpose of a petitioner is equally available as a certiorari. The special jurisdiction given to the District Court of San Juan is in addition to any other remedy that an aggrieved party might have in some other court of the Island. In *People of Porto Rico* v. *Oms,* decided July 10, 1925,

*ante,* page 435, we held that when an election fraud was committed anywhere on the Island the appropriate remedy was available to the person aggrieved and that when committed outside of San Juan the aggrieved person had the additional remedy of bringing a certiorari suit in San Juan.

[5] To show that mandamus is the proper remedy and that the duty sought to be imposed here was a ministerial one, we adopt the reasoning of the court below, as follows:

"In amending section 89 of the Election Law (See Act No. 1 of 1924) authorizing *certiorari* proceedings for the review of the acts of the Insular Board of Elections, our Legislature does not provide that this shall be the only proceeding available. The contrary is shown by the text of the law itself, as follows:

" ' . . . the result of the canvass of an election as declared by the Insular Board of Elections and published by the General Supervisor of Elections shall be final, unless the same shall be contested by a *certiorari* or other authorized legal proceeding.'

"According to said section 89 of the Election Law, it is the ministerial duty of the Board, on request of any member, to count the number of persons who voted in a polling place as shown by its poll lists and change the entry on its tally sheet so that it may agree with the result of such count. It must likewise recount the ballots in any polling booth where any contradiction is shown by the entries on a tally sheet (either as the same was returned by its poll board or as it may have been corrected by the Insular Board of Elections) between the number of persons who voted, as shown by the poll lists, and the number of ballots found in the ballot box of the polling place to which such tally sheet pertains, or between the number of ballots found in the ballot box and the number of ballots disposed of as shown in its summary, if such difference is sufficient in itself or when combined with another such difference relating to the vote for the same candidate, to affect his election."

That mandamus is the proper remedy to compel boards to recount a vote, in the absence of other special authority, would appear from the following authorities, partially selected from a long list of citations on pages 8 and 9 of appellee's brief: Mandamus Law, sect. 2, Rev. St. 1329;

*Brewster* v. *Sherman,* 195 Mass. 222; 18 R.C.L. 275 *et seq.;*
38 Corpus Juris, 719 *et seq.*

In the third assignment of error the appellant discusses
more or less the same questions that we have considered un-
der the second assignment of error. Anticipating a little,
perhaps, we should say that if the objections were made in
time, the Insular Board of Elections was not *functus officio*
by reason of its report to the Governor, that the peremptory
mandamus does not necessarily place the petitioners in of-
fice, but merely orders the Board to do what they failed to
do before, namely, recount the vote.

The fourth assignment of error is as follows:

"The court erred in rendering its judgment because the same
confers new authority on the Insular Board of Elections, contrary
to what is expressly provided by the Law of Mandamus."

We quite agree with the appellant that when a board
has finished its labors and made a report as required by
law and no duty was imposed upon it to make a recount
during the time it was sitting, mandamus cannot give such
a board a new authority. We are also of the opinion that
despite the fact that the Insular Board of Elections is a
permanent body, if it made its report to the Governor with-
out any objection being made, mandamus would not lie and
that if the court had a discretion the writ of mandamus
should not issue. The question in this case is whether by
virtue of the objection of a member of the board the said
board had a ministerial duty to perform in recounting the
vote of the municipality of Fajardo. Section 1 of the
amended Electoral Act provides, among other things, as
follows:

"A permanent Board of Elections is hereby established, to be
composed of a General Supervisor of Elections, as chairman, who
shall be appointed by the Governor with the advice and consent of
the Senate of Porto Rico, and two persons representing the two
principal political parties of the Island as hereinafter defined, and
a substitute for each such member, who shall be appointed by the

Governor on recommendation of the central directing organizations of the said parties. . . .'' Laws of 1924, p. 2.

By general reasoning we are satisfied that the Insular Board of Elections, if the objection did not come too late, had a duty to perform which it did not discharge. Particularly applicable is the citation made by the court below from *Rosenthal* v. *State,* 19 L.R.A. 157, 32 Pac. 129.

''Where a canvassing board wrongfully neglects and refuses to canvass returns which are regular in form, as a general rule, the courts may, by mandamus, compel the board to canvass and declare the result upon the face of their returns; and if a canvass has been wrongfully or improperly made, and the board has adjourned sine die, this court may compel it to reassemble, and make a correct canvass of all the returns before it at the time of the first canvass.''

[6] It would appear that the board made some sort of a ruling that objections authorized by the Election Law should be made at the time the votes of the particular municipality were being counted. If such a ruling was made by the board, we are convinced that it was not authorized by the law and did not have the force of law. Section 89 concedes the right to a member of the board to make an objection or request. The time is not limited when the board is in active session and before it makes its reports to the Governor. In the laws of 1923, p. 560, section 12 of the Election Law appears to be amended to authorize the Board of Insular Elections to approve rules and regulations to carry out the provisions of the Election Act, but said rules and regulations, to have the force of law, must be approved by the Governor and promulgated by the Executive Secretary of Porto Rico.

We lay no particular stress on the following, but it would appear that Bolívar Pagán, who made the objection and requested a recount, was under the impression that he had to wait until the termination of the count for the whole Island before asking for a recount for the municipality of Fajardo. There is some indication in the proof that Bolí-

var Pagán received this idea by reason of the action of the board when objection was made to the count in San Juan, although we agree with appellant that no such formal ruling was made by the board.

The fifth assignment of error is lacking in clear specification and we have anticipated it to a certain extent.

The sixth, seventh and eighth errors also refer to questions of facts which were sufficiently discussed and disposed of by the court below or by ourselves and wherein we find no error.

The judgment appealed from must be affirmed.