RICHARD RESTIVO & another[1] *vs.* TOWN OF SWANSEA. August 4, 1986. *Practice, Civil,* Standing, Action in nature of mandamus. *Indemnity. Public Employment,* Indemnification of employee.

The plaintiffs hold unsatisfied Federal District Court judgments against police officers of the defendant town resulting from a civil rights action under 42 U.S.C. § 1983 (1982). The present action in the nature of mandamus is to compel the town to satisfy those judgments. In the Superior Court, the town moved for summary judgment. Agreeing that there are no genuine issues of material fact, the plaintiffs argued in the Superior Court, as they do here, that summary judgment should be entered for them. A judge of the Superior Court allowed the town's motion. The plaintiffs appealed, and we transferred the case to this court on our own motion. We affirm.

In both the Superior Court and this court, the plaintiffs have relied exclusively on G. L. c. 258, § 13 (1984 ed.), as the basis of their claim that the town is required to pay them the amount of the Federal District Court judgments plus postjudgment interest.[2] General Laws c. 258, § 13, provides in relevant part

---

[1] B. C. R. Transport Co., Inc.

[2] The plaintiffs have not argued in either court that they are entitled under G. L. c. 214, § 3 (6) (1984 ed.), to reach an obligation owed by the town to the police officers and apply it to the judgment debts owed by the officers to the plaintiffs. Therefore, we do not address that question. *Flattery v. Gregory,* 397 Mass. 143, 145 n.2 (1986). We do not suggest that such a claim would have merit.

that any city or town that accepts its provisions "shall indemnify and save harmless municipal officers, elected or appointed from personal financial loss and expense including reasonable legal fees and costs, if any, in an amount not to exceed one million dollars, arising out of any claim, demand, suit or judgment by reason of any act or omission, except an intentional violation of civil rights of any person, if the official at the time of such act or omission was acting within the scope of his official duties or employment." The town concedes that it has accepted the provisions of c. 258, § 13.

The town argues, and the judge concluded, that the plaintiffs lack standing to bring an action under G. L. c. 258, § 13. However, for the purposes of this case, we will accept the plaintiffs' argument that either they have enough of a special interest in the town's performing its duty under c. 258, § 13, to give them standing, or "when the question is one of public right and the purpose is to procure the performance of a public duty, and no other remedy is open, a petitioner need not show that he has any special interest in the result [in order to seek relief in the nature of mandamus]: it is sufficient that as a citizen he is interested in the due execution of the laws." *Lutheran Serv. Ass'n of New England, Inc.* v. *Metropolitan Dist. Comm'n*, 397 Mass. 341, 344 (1986), quoting *Bancroft* v. *Building Comm'r of Boston*, 257 Mass. 82, 84 (1926). See *Brewster* v. *Sherman*, 195 Mass. 222, 224-225 (1907).

We not only accept the plaintiffs' contention that they have standing to bring this action, but we also assume, without deciding, that relief in the nature of mandamus is available not only against town officials but against a town itself. Furthermore, we assume, without deciding, that police officers are "municipal officers" entitled to indemnification under G. L. c. 258, § 13. Despite those assumptions, the judge properly granted summary judgment to the town because, regardless of whether c. 258, § 13, requires that municipal officers be indemnified against liability, or only against a loss resulting from satisfying a liability, see *Filippone* v. *Mayor of Newton*, 392 Mass. 622, 629 (1984); *Filippone* v. *Mayor of Newton*, 16 Mass. App. Ct. 417, 423-426 (1983), nothing in the language of § 13 suggests that a town must pay the judgment creditor of a town officer. The language of the statute is the primary indicator of legislative intent. *Simon* v. *State Examiners of Electricians*, 395 Mass. 238, 242 (1985). Section 13's language is limited to the indemnification and saving harmless of municipal officers. Section 13 is silent about the right of an injured party to payment by the town. We conclude that c. 258, § 13, does not require the defendant town to satisfy the plaintiffs' Federal District Court judgments against the town's police officers, and that the order of summary judgment for the town below was correct.

*Judgment affirmed.*

*Max Volterra* for the plaintiffs.
*Richard J. Shea* (*Ellen Borkum Scult* with him) for the defendant.