CITY OF TAUNTON *vs.* COUNTY OF BRISTOL.

Bristol.    October 29, 1912. — January 3, 1913.

Present: RUGG, C. J., MORTON, HAMMOND, BRALEY, & DECOURCY, JJ.

*Dog Officer.    Officer.    Statute,* Construction.

In an action by a city in a county other than Suffolk against the county under the provisions of St. 1910, c. 629, for reimbursement of the amount of a bill for the services of a dog officer approved by the mayor and paid by the plaintiff, it appeared that the dog officer was appointed by the mayor on July 26, 1910.    St. 1910, c. 629, which was the first statute authorizing such reimbursement, did not go into effect until July 15, 1910.    R. L. c. 102, § 143, of which that statute is an amendment, provides that the mayor of each city shall appoint one or more dog officers "annually, within ten days after the first day of July."    *Held,* that the requirement that the appointments shall be made within ten days after the first day of July is merely directory and not mandatory, and that St. 1910, c. 629 applies to payments made to dog officers who were appointed in the year 1910 after it went into effect.

In an action by a city of more than twenty-five thousand inhabitants in a county other than Suffolk against the county under St. 1910, c. 629, amending R. L. c. 102, § 143, as previously amended, for reimbursement of the amount of a bill for the services of a dog officer approved by the mayor and paid by the plaintiff, it appeared that the regular police officers of the plaintiff received as wages $2.25 a day during their first year of service, $2.50 a day during their second year of service, $2.75 a day during their third year of service, and $3 a day after four years of service, that the person paid as dog officer previously had served as a dog officer of the plaintiff for more than four years, and that his bill was approved for compensation at the rate of $3 a day.    *Held,* that, under the provision of the statute that in cities of twenty-five thousand inhabitants, or more, dog officers "shall be paid the same wages per diem during the term of their employment which the regular police officers of such cities receive," the bill of the dog officer properly was approved at the rate of $3 a day for the period of his actual service as dog officer.

CONTRACT, by the city of Taunton against the county of Bristol, under St. 1910, c. 629, amending R. L. c. 102, § 143, as previously amended, to recover $159 which the plaintiff had paid to one Leahy for fifty-three days' service as dog officer at the rate of $3 a day.    Writ in the First District Court of Bristol dated January 25, 1911.

On appeal to the Superior Court the case was submitted upon an agreed statement of facts to *Fox*, J., sitting without a jury.

It was agreed that Leahy was appointed a dog officer of the plaintiff on July 26, 1910, and that he qualified as such dog officer on that day; that the plaintiff is a city of over twenty-five thousand inhabitants and pays its regular police officers a per diem wage in different amounts; that $2.25 per day is paid to regular police officers for their first year in service, $2.50 per day for their second year in service, $2.75 per day for their third year in service, and that $3 per day is paid to police officers who have been four years or more in service.

It further was agreed that the proper officials of the plaintiff approved the bill paid by the plaintiff to Leahy as dog officer; that during the first thirty-five days of the fifty-three days covered by the bill presented Leahy was employed temporarily as janitor in the Central Police Station of the plaintiff; that his name was on the pay roll in the police department during these thirty-five days and that he received the sum of $2 per day for compensation as janitor while he acted in that capacity; that he was on the same pay roll as the rest of the police department, and that, while acting as janitor in the police station, it was his duty to drive the police wagon, if called out, during the period that the regular driver was allowed for his meals; that Leahy was never a regular police officer of the plaintiff; that he did police duty one day during this period by assignment of the chief of police and that on that day he made no charge as dog officer; that he was a constable for the plaintiff; that he reported for duty and made inquiries usually every day during the whole period from the chief of police as to complaints about dogs, and that he occasionally was excused from his duties as janitor by the chief of police to go out and kill unlicensed dogs; that he also, during the thirty-five days in question that he was acting as temporary janitor, devoted some time after his hours of employment at the police station to his duties as dog officer; that eighteen days of the time covered by the bill Leahy performed duties as such dog officer and that his name was not on any pay roll of the police department during such eighteen days; that he was not on those eighteen days under any regular pay, but was attending to his duties as dog officer exclusively. It also was agreed that Leahy before

his appointment in 1910 had served as dog officer for more than four years.

The defendant asked the judge to rule as follows:

1. Upon all the evidence the plaintiff cannot recover.

2. The plaintiff cannot recover anything for the thirty-five days when Leahy was under regular pay in the police department of the city of Taunton for which he received $2 per day.

3. The plaintiff can in no event recover more than the minimum rate per day which it paid its regular police officers, namely, $2.25.

The plaintiff also asked for certain rulings.

The judge found for the plaintiff; and assessed damages in the sum of $58.42. He ordered that judgment should be entered in accordance with this finding. From the judgment so entered the defendant appealed.

The case was submitted on briefs.

*F. S. Hall,* for the defendant.

*A. R. White, 2nd,* for the plaintiff.

BRALEY, J. The St. of 1910, c. 629, having been approved June 15, 1910, did not take effect until thirty days thereafter. R. L. c. 8, § 1. But, the requirement that appointments under it must be made within ten days from July 1 of each year being directory, the action of the mayor on July 26, 1910, appointing Leahy as a constable to kill or cause to be killed unlicensed dogs was valid. If the statute were mandatory, as the defendant contends, no appointments for the current year would have been possible, and this result plainly was not intended by the Legislature. *Whitney* v. *Whitney,* 14 Mass. 88, 92, 93.

The defendant is required by the express provisions of the statute to reimburse the plaintiff for the amount paid Leahy during the period of eighteen days which he actually spent, but the compensation allowed cannot exceed the rate of daily wages received while in the performance of his ordinary duties as a police officer of the city. *O'Neill* v. *County of Worcester,* 210 Mass. 374. By reason of his rank as a regular officer he was entitled to the rate approved by the proper municipal officials, and the trial court properly charged the defendant with repayment of the disbursement.

*Judgment affirmed.*