FRED W. RAY *vs.* REGISTRARS OF VOTERS OF ASHLAND.

Suffolk.    November 9, 1914. — May 21, 1915.

Present: RUGG, C. J., LORING, BRALEY, DE COURCY, CROSBY, PIERCE, &
CARROLL, JJ.

*Elections.    Ballot.*

There being no express statutory provision to the contrary, a voter's designation
on the official ballot of his choice for a certain office by pasting over a name
regularly placed upon the ballot a slip containing the name of a person not
nominated by any party and then placing a cross in the appropriate blank
opposite the name, while irregular, is not illegal, and the ballot properly may
be counted as a vote for the person named on the slip.

Where such election was for the choice of selectmen for a term of three years,
the words "three years" placed after the name printed on the slip do not as a
matter of law constitute a mark upon the ballot by which it may be identified, as
described in St. 1913, c. 835, § 295, nor render the ballot invalid.

Such a ballot properly may be counted for the man whose name appears upon the
paster, although only the capital letters that begin his Christian and surname
and his middle initial are printed in type conforming to the requirements of
St. 1913, c. 835, §§ 280, 258, 261, as to size and character of the letters.

PETITION, filed on April 9, 1914, for a writ of mandamus direct-
ing the respondents, the board of registrars of voters of the town
of Ashland, to reject certain ballots cast at an election held in the
town on March 2, 1914, for the choice of selectmen for the term
of three years and to certify to the town clerk the election of the
petitioner.

The case was heard by *Hammond,* J.  He found the following
among other facts:

The petitioner was a candidate for the office of selectman on
nomination papers and his name was duly printed upon the official
ballot.  One Charles T. Dearborn also was a candidate for the
office of selectman, but had not been nominated by any party,
nor had his name been printed upon the official ballot.  Many
voters inserted the name of Dearborn upon their ballots either
by writing in his name in the blank space left at the end of the list
of candidates for selectmen, or by the use of pasters placed in
such blank spaces.

Upon the face of the election returns made by the election offi-

cers Dearborn had a plurality of six votes. A petition for a recount of the ballots was filed and the respondents recounted the ballots and found and determined that Dearborn had received one hundred fifty-nine votes, and that the petitioner had received one hundred forty-five votes. Among the ballots counted by the respondents for Dearborn were eighteen pasters which had printed upon them the name of Charles T. Dearborn and were placed over the name of the petitioner in the space on the official ballot where the petitioner's name was printed. The cross in the square at the right of each such paster was counted for Dearborn. The name of Charles T. Dearborn, wherever it appeared upon the pasters, except for the first letter of his Christian name, the middle initial and the first letter of his surname, was not printed in capital letters, and the type in which it was printed was less than one eighth of an inch in height. The pasters in addition to the name of " Charles T. Dearborn, Cherry Street," had printed upon them the words "three years."

The single justice ruled that the eighteen ballots with pasters placed over the name of the petitioner, which did not have the candidate's name in all capital letters nor in letters not less than one eighth of an inch in height, and which had after the name the words "three years" printed upon them, were all properly counted for Charles T. Dearborn; and, upon such findings and ruling ordered the petition dismissed and at the request of the petitioner reported the case for determination by the full court.

The case was argued at the bar in November, 1914, before *Rugg,* C. J., *Hammond, Braley, De Courcy, & Crosby,* JJ., and afterwards was submitted on briefs to all the justices constituting the court.

*J. P. Dexter,* for the petitioner.

*E. L. McManus,* for the respondents.

BRALEY, J. It appears that, the opponent of the petitioner for the office of selectman for the term of three years not having been nominated by any party, his name was not printed on the official ballot. While many voters, either in writing or by the use of pasters, inserted his name in the blank space provided therefor at the end of the list of candidates, these votes seemingly were insufficient to insure his election, and the petitioner is entitled to the office unless the eighteen pasters placed over the

petitioner's name in the space where his name appeared, and the cross made in the square opposite thereto, were properly counted for his opponent whose name they bore.

The cardinal rule is, that "if the intent of the voter can be fairly determined, effect shall be given to that intent and the vote counted in accordance therewith." *Flanders* v. *Roberts*, 182 Mass. 524, 525, 526, and authorities cited. And his intention is to be found from the evidence of what he did. If not prohibited by statute, ballots which fairly and unmistakably express the voters' purpose are to be counted as deposited in the ballot box. *O'Connell* v. *Mathews*, 177 Mass. 518, 521. *Brown* v. *McCollum*, 76 Iowa, 479. *State* v. *Eagan*, 115 Wis. 417. The original act of 1888, c. 436, § 23, as amended by St. 1889, c. 413, provided that the voter could fill in the blank space on the ballot with the name of the candidate of his choice; but in the codification of the election laws in St. 1893, c. 417, § 162, this wording was so changed as to read "by inserting the name of the candidate of his choice." It was said in *Cole* v. *Tucker*, 164 Mass. 486, 488, where the use of the official ballot by the voter was under discussion, that "the acts permit the voter to vote for such persons as he pleases by leaving blank spaces on the official ballot in which he may write or insert in any other proper manner the names of such persons." The blank space is as appropriate for the insertion of a printed slip as of a written name, and under this statute and subsequent revisions the use of pasters, while not expressly, is impliedly recognized. St. 1898, c. 548, § 224. R. L. c. 11, § 227. St. 1907, c. 560, § 260. St. 1913, c. 835, § 292, as amended by St. 1914, c. 435. We find no express provision, however, in St. 1913, c. 835, prohibiting the voter, if he chooses such mode of exercising his right, from placing a written or printed slip bearing the name of another person over the name of a candidate, and voting for that person by making a cross in the appropriate blank opposite the name. The designation may be irregular but it is not illegal. *Coughlin* v. *McElroy*, 72 Conn. 99. *Tandy* v. *Lavery*, 194 Ill. 372. It is not a "spoiled ballot," which under § 296 the voter can exchange for a fresh ballot, nor is the paster itself a distinguishing mark used by the voter, subjecting him to the penalty of imprisonment under § 453. *People* v. *Shaw*, 133 N. Y. 493, 497, 498. The cases cited by the petitioner are not in conflict with this view. In *Whittam* v. *Zahorik*,

91 Iowa, 23, and *Van Winkle* v. *Crabtree*, 34 Ore. 462, the ballots plainly showed marks by which the voter could be readily identified, while in *Fletcher* v. *Wall*, 172 Ill. 426, the use of pasters was prohibited by statute. *Apple* v. *Barcroft*, 158 Ill. 649, and *Kelly* v. *Adams*, 183 Ill. 193, determined that two straight marks through the circles and squares on a printed ballot were not crosses; and that a cross to the right of the name of a candidate, between such name and the square opposite the name of an opposing candidate, did not sufficiently show the intention of the voter, and that a ballot marked only by pencil erasures of all the names on one ticket could not be counted; and that a ballot not officially endorsed by the judge of election was not a ballot within the statute and that the ballot in question, which bore two sets of crosses over the printed names of eight of the candidates for office, with a nondescript mark shaped like a large hook upon one of the crosses, contained distinguishing marks.

A further review is unnecessary. The decisions as to what constitute marks which invalidate the ballot depend upon the construction of local statutes and are not uniform, but we have found none exactly similar to the case at bar. See 15 Cyc. 357, 358, 359, and notes.

The election, as we have said, was for the choice of selectmen for three years and other town officers for the ensuing year. The words, "three years," appearing on the paster after the name of the person voted for correctly stated the term of office required by the official ballot. St. 1913, c. 835, §§ 406, 407. If a distinguishing mark is the use by the voter of numbers, letters, characters or symbols by which he can be identified and how he voted determined, the words of themselves do not disclose the voter's identity and whether by some pre-arrangement or understanding they were deliberately so intended was a question of fact upon which the finding for the respondents by the single justice is conclusive. *Voorhees* v. *Arnold*, 108 Iowa, 77. *Kelso* v. *Wright*, 110 Iowa, 560. *Boston Supply Co.* v. *Rubin*, 214 Mass. 217, 220. If it be suggested that the blank spaces enable the voter to insert the name of any person not printed on the ballot, § 259 reads that those spaces are left in which "the voter may insert" such names. The statute does not say that he must use this mode of expressing his will or his ballot is defective. If the

construction by implication the petitioner urges is adopted, he gets an office to which he has not been elected, unless the will of a majority of the voters at an election, where no fraud or misconduct appears or is claimed, is nullified, a result wholly inconsistent with the spirit of our election laws. The Legislature, if it intended to restrict the voter to the use of the blank spaces alone, should have directed in appropriate language that this was the only way in which the voter could express an independent choice.

The petitioner also relies on *Miner* v. *Olin*, 159 Mass. 487, as having decided that the voter no longer can prepare his .own ballot except by the insertion of names in the spaces left blank. But the only questions there considered were the constitutionality of the provisions of St. 1893, c. 417, relating to caucuses and the placing of names of candidates not thus nominated on the official ballot by the Secretary of the Commonwealth. It must be borne in mind that our laws relating to elections are enacted not merely to preserve the purity and secrecy of the ballot and to curb in so far as possible corrupt practices, but to ascertain and not to thwart the popular will honestly expressed. *Blackmer* v. *Hildreth*, 181 Mass. 29, 31.

The St. of 1913, c. 835, § 280, provides that pasters which are to be placed on the official ballot shall conform as to names, residences and political designations of candidates and the size of the type in which the names shall be printed with the requirements of §§ 258 and 261, where the names of all candidates not here material "shall be in capital letters not less than one eighth of an inch nor more than one quarter of an inch in height." The single justice having found that the name on the pasters was not in conformity with the statute, except as to the initial letters of the name printed thereon, the petitioner further contends that for this reason these ballots are defective. If the voter had chosen to write or even print in the blank space the name of the person for whom he desired to vote, followed by a cross in the appropriate space, the ballot would have been counted under St. 1913, c. 835, § 292, although the size of the letters used did not conform with the requirement of § 261. *Cole* v. *Tucker*, 164 Mass. 486, 488. It would follow from the petitioner's view, that if the voter chooses to use a slip on which the name had been similarly printed with the appropriate designation, the ballot is defective

because the letters are not of statutory size. Or in other words, the first class of voters can have their votes counted, while those using the second mode practically are disfranchised, which, in the opinion of a majority of the court, cannot be reached under the statute. *O'Connell* v. *Mathews,* 177 Mass. 518, 521.

The statute, as to all the questions raised, being directory and not mandatory, the board of registrars rightly counted these ballots, and the petition by the terms of the report is to be dismissed. *Sewall* v. *Jones,* 9 Pick. 412, 414. *Torrey* v. *Millbury,* 21 Pick. 64, 67. *Green* v. *Holway,* 101 Mass. 243, 248. *Taunton* v. *County of Bristol,* 213 Mass. 222, 224.

*So ordered.*