JAMES C. COUGHLIN *vs.* ELECTION COMMISSION OF THE
CITY OF LOWELL.

VERONICA SULLIVAN DODGE *vs.* SAME.

Middlesex.   April 8, 1936. — May 26, 1936.

Present: RUGG, C.J., CROSBY, PIERCE, & DONAHUE, JJ.

*Elections. Practice, Civil,* Auditor: findings.

Statement by RUGG, C.J., of the governing principles of law as to the counting of ballots.

Findings by an auditor, whose findings were to be final, as to the intent of the voters casting certain ballots at an election, as shown by the ballots, which were in evidence before him, must stand so far as warranted by examination of the ballots, but could not stand so far as not warranted thereby.

TWO PETITIONS for writs of mandamus, filed in the Supreme Judicial Court for the county of Middlesex on November 22, 1935, and on November 26, 1935, respectively.

The petitioners and interveners alleged exceptions to "findings and rulings and order" by *Field*, J.

*J. D. O'Hearn,* for the petitioner Coughlin.

*M. G. Rogers,* for the petitioner Dodge.

No argument nor brief for the respondents.

RUGG, C.J.   These petitions for writs of mandamus relate to a contested election for membership in the school committee in Lowell.   Each petitioner was a candidate for election as a member of that committee.   In each petition, the other petitioner was allowed to intervene.   Each petition was referred to the same auditor.   The parties agreed that his findings of fact should be final.   An identical report was filed in each case.   Each petitioner filed a motion to recommit the report, alleging errors of law in the findings and rulings of the auditor.   Each motion was denied.   It was agreed by all parties that the ballots marked as exhibits by the auditor, so far as referred to in the motions to recommit, should be considered in the same manner as if they had been reported by the auditor.   After describing these ex-

hibits by number, there being nineteen in all, the single justice ruled specifically as follows:

"With respect to Exhibit 111, I rule as matter of law that the finding of the auditor that 'this was a Dodge vote' is not warranted and the ballot should not be counted for either Coughlin or Dodge.

"With respect to Exhibit 162, I rule as a matter of law that the finding 'that it was the intention of the voter to vote for Dodge' is not warranted and that the ballot should not be counted for either Coughlin or Dodge.

"With respect to Exhibit 213, I rule as a matter of law that the finding of the auditor that this was a vote for Coughlin was not warranted and that this ballot should not be counted for either Coughlin or Dodge.

"With respect to Exhibit A for identification, I rule that the auditor was not wrong in admitting this ballot as an exhibit and was warranted in finding 'that this was a blank ballot,' and Dodge loses one vote.

"I rule, therefore, as matter of law that the votes for Coughlin and Dodge as counted by the auditor should be changed by reducing the vote for Veronica Sullivan Dodge to 17,789, and the vote for James C. Coughlin to 17,788."

No specific rulings were made on any of the other exhibits considered, but each was allowed to stand as counted by the auditor.

The ballots considered by the single justice, the pleadings, and the auditor's report are made a part of the exceptions by reference.

In the Coughlin case the petition was dismissed as matter of law. In the Dodge case it was ordered that a writ of mandamus issue commanding the respondents to count the votes of the petitioner and intervener in accordance with the findings and rulings of the single justice. To the adverse "findings and rulings" both candidates duly excepted; their several bills of exceptions are combined in a single record.

It is provided by G. L. (Ter. Ed.) c. 54, § 77, that "The voter on receiving his ballot shall . . . retire alone to one of the marking compartments, and . . . prepare his bal-

lot by making a cross (X) in the square at the right of the name of each candidate for whom he intends to vote."

. The governing principles of law as to the counting of ballots are settled. In *O'Brien* v. *Election Commissioners of Boston*, 257 Mass. 332, at page 338, it was said with citation of supporting authorities: "The cardinal rule for guidance of election officers and courts in cases of this nature is that if the intent of the voter can be determined with reasonable certainty from an inspection of the ballot, in the light of the generally known conditions attendant upon the election, effect must be given to that intent and the vote counted in accordance therewith, provided the voter has substantially complied with the requisites of the election law; if that intent cannot thus be fairly and satisfactorily ascertained, the ballot cannot rightly be counted." *Parrott* v. *Plunkett*, 268 Mass. 202, 207. *Swift* v. *Registrars of Voters of Quincy*, 281 Mass. 271, 277. *Clancy* v. *Wallace*, 288 Mass. 557, 566. *Hall* v. *Barton*, 290 Mass. 476, 480. No conjecture can be invoked as to where the cross was intended to be placed. The intent must appear with ordinary assurance of certainty and be capable of being fairly determined from inspection of the ballot; otherwise, it cannot be counted. *O'Connell* v. *Mathews*, 177 Mass. 518. *Beauchemin* v. *Flagg*, 229 Mass. 23. Within the general rules the question for whom a ballot ought to be counted is one of fact unless some positive mandate of the law has been violated.

These are proceedings at law. Hence the findings of fact made by the auditor, which were to be final, must be accepted as final if susceptible of being supported on any rational view of the evidence. They are not reviewed or revised by the court. When the findings of fact of an auditor are to be final, they are conclusive unless tainted by some error of law. *Swift* v. *Registrars of Voters of Quincy*, 281 Mass. 271, 284. *Andrews* v. *Registrars of Voters of Easton*, 246 Mass. 572, 576–577. *Lunn & Sweet Co.* v. *Wolfman*, 268 Mass. 345, 349. *Hawkins* v. *Jamrog*, 277 Mass. 540, 543. *Sojka* v. *Dlugosz*, 293 Mass. 419, 422. *Ray* v. *Registrars of Voters of Ashland*, 221 Mass. 223.

Tested by these principles, it appears that there was no error of law in dealing with the ballots which the petitioner Coughlin contends were counted wrongly. The determination of the intent of the voter in each instance presented a question of fact. On several ballots the cross was not placed in precise conformity with the statute, and in others the marking was not a clearly defined cross, but we think that enough appears on inspection to ascertain the intent of the voter. *Flanders* v. *Roberts*, 182 Mass. 524. *Brewster* v. *Sherman*, 195 Mass. 222. A cross not in the square but in the space between the name of the candidate and the square provided for the cross may still be counted provided the intent of the voter is clear. *Beauchemin* v. *Flagg*, 229 Mass. 23, 25. On one ballot a cross originally placed in the square opposite the name of Coughlin was found to have been erased. This finding cannot be pronounced unsupported by an inspection of the ballot. The most doubtful is a ballot where the marking opposite the name was not a plain cross and resembled somewhat a V, but there was a marking in addition and we think it cannot quite be said as matter of law to have been wrongly counted.

The rulings of law by the single justice as to Exhibits 111, 162, 213 and "Exhibit A for identification" were not erroneous. In three of these it is impossible to determine the intent of the voter because the cross cannot be said to be in the square or space opposite either candidate but is equally in both, and the intersection of the two lines made by the voter appears to be on the printed line dividing the crucial spaces. In the fourth there were four crosses where only three candidates could be voted for; one in a square was very faint, and the other three, strong and clear, were in spaces to the left of the square. A prevailing intent to vote for a permissible number of candidates is not discernible. Therefore, the ballot cannot be counted. G. L. (Ter. Ed.) c. 54, § 106. *Swift* v. *Registrars of Voters of Quincy*, 281 Mass. 271, 280. The decision as to the intent of the voter as disclosed by several ballots appears on inspection to have been close and difficult. But there is not

enough to warrant reversal of the result as matter of law. *Swift* v. *Registrars of Voters of Quincy,* 281 Mass. 271, 284. *Flanders* v. *Roberts,* 182 Mass. 524. In each case the exceptions of the petitioner and the intervener are overruled.

*So ordered.*