MARY E. GILLIGAN *vs.* REGISTRARS OF VOTERS OF WILMINGTON.

Middlesex.    October 5, 1948. — November 2, 1948.

Present: QUA, C.J., LUMMUS, DOLAN, WILKINS, & WILLIAMS, JJ.

*Elections. Mandamus. Equity Pleading and Practice,* Appeal, Report of material facts.

Upon an appeal under G. L. (Ter. Ed.) c. 213, § 1D, inserted by St. 1943, c. 374, § 4, from a judgment in a mandamus case, with a report of the material facts but without a report of the evidence, documentary exhibits annexed to the record but not incorporated therein by the trial judge by reference or otherwise must be disregarded by this court.

Voluntary findings by the trial judge of all the facts necessary to determine the issue involved in a mandamus case should be treated as a "report of material facts" upon an appeal from a judgment under G. L. (Ter. Ed.) c. 213, § 1D, inserted by St. 1943, c. 374, § 4.

If a voter substantially complies with the election statute and so marks his ballot that it indicates with reasonable certainty the candidate for whom he intends to vote, his ballot must be counted in accordance with that intent notwithstanding that the mark made by him is not a cross.

Upon a report of material facts, without a report of the evidence, on an appeal under G. L. (Ter. Ed.) c. 213, § 1D, inserted by St. 1943, c. 374, § 4, from a judgment in a mandamus case respecting a contested election, this court could not say that the trial judge was in error in finding that three voters intended to vote for the petitioner by ballots which were in evidence before him but were not before this court, where he also found that on one of the ballots there was marked a cross in the box opposite the petitioner's name and a diagonal line in the box opposite the name of the opposing candidate, that on another of the ballots there was marked a diagonal line in the box opposite the petitioner's name, and that on the third ballot there was "marked . . . a diagonal line crossed by two intersecting lines."

PETITION for a writ of mandamus, filed in the Superior Court on March 17, 1948.

The case was heard by *Dowd, J.*

In this court the case was submitted on briefs.

*F. H. Magison,* for Farrell.

*M. Singer & N. Learner,* for the petitioner.

WILLIAMS, J. This is a petition for a writ of mandamus against the board of registrars of voters of the town of Wilmington with whom Marion V. Farrell, as ex officio a member of the board, has been joined as respondent by amendment. The petition seeks to have the petitioner declared elected town clerk of Wilmington by reason of an election held on March 11, 1948, at which the petitioner and said Marion V. Farrell were candidates for that office. It is agreed that on the initial count the petitioner received seven hundred two votes and Farrell seven hundred three votes. After a recount conducted by the respondents the vote was not changed. The issue before us involves the proper interpretation of three disputed ballots which the original respondents refused to count for either candidate. The judge in the Superior Court found and ruled as follows: "I find that on the ballot marked with a cross in the box opposite the name of Mary E. Gilligan and a diagonal line in the box opposite the name of Marion V. Farrell, it was the intention of the voter to vote for Mary E. Gilligan; on the ballot marked with a diagonal line in the box opposite the name of Mary E. Gilligan, I find that the intention of the voter was to vote for Mary E. Gilligan; on the ballot marked by a diagonal line crossed by two intersecting lines,

I find that it was the intention of the voter to vote for Mary E. Gilligan. I rule that the three disputed ballots should be counted as votes for Mary E. Gilligan by said board and that she be declared elected by said board to the office of town clerk of the town of Wilmington by the following vote, to wit:

| | |
|---|---|
| Mary E. Gilligan . . . . | 705 |
| Marion V. Farrell . . . . | 703." |

Judgment was entered ordering the respondents to count these three ballots for the petitioner and to declare her elected town clerk by a vote of seven hundred five to seven hundred three. An appeal to this court was taken by Marion V. Farrell.

Copies of three ballots with the markings thereon are annexed to the record. We agree with the contention of the petitioner that these copies should be disregarded because the trial judge in his findings did not incorporate any exhibits by reference or otherwise, and rule that they are not properly before us. *Yoffa* v. *National Shawmut Bank*, 288 Mass. 422, 426. *Gordon* v. *Guernsey*, 316 Mass. 106, 108. We may add, however, that the consideration of them as exhibits would not have changed the final result which we have reached.

By G. L. (Ter. Ed.) c. 213, § 1D, inserted by St. 1943, c. 374, § 4, G. L. (Ter. Ed.) c. 214, §§ 19, 22–28, inclusive, relating to appeals in equity suits, are made applicable to mandamus proceedings. See *Lawrence* v. *Commissioners of Public Works*, 319 Mass. 700, 702. Section 23, as appearing in St. 1947, c. 365, § 2, provides for a "report of material facts." Here the judge's findings were made voluntarily and were not stated to be such a report; but as they apparently include all facts necessary for the determination of the issue concerning the ballots they should be construed as equivalent to the "complete report of 'the material facts' contemplated by the statute." *Birnbaum* v. *Pamoukis*, 301 Mass. 559, 562. So considered they must stand, the evidence not having been reported.

The requirement as to marking a cross in the square oppo-

site the name of the candidate (G. L. [Ter. Ed.] c. 54, § 77) is directory and not mandatory where the voter's intent is manifest. "Where a ballot is so marked that upon inspection it indicates with reasonable certainty the candidate for whom the elector intended to vote, the vote should be counted in accordance with that intent, provided the voter has substantially complied with the requisites of the election statute." *Beauchemin* v. *Flagg*, 229 Mass. 23, 24. We are unable to say that the judge, after an examination of the ballots, was wrong in finding that they indicated with requisite certainty the intent of the voters to vote for the petitioner. The markings on the ballots are described in the findings. A diagonal line or a check mark where used consistently throughout the ballot may indicate clearly the intent of the voter. On the other hand, where, as here, on one ballot the voter has made a cross and opposite the name of another candidate for the same office a diagonal line, it reasonably may be inferred that the one single line is due to error or accident. A double cross may indicate intent as well as a single cross if distinguishable from a possible attempt to obliterate a previous marking. See *Coughlin* v. *Election Commission of Lowell*, 294 Mass. 434. The judgment of the Superior Court was without error and is

*Affirmed.*