FEENER BUSINESS SCHOOLS, INC. vs. BOARD OF
COLLEGIATE AUTHORITY
(and a companion case[1]).

Suffolk.   May 7, 1952. — July 2,.1952.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & SPALDING, JJ.

*Board of Collegiate Authority.   Education.   Veteran.   Certiorari.*

Upon an appeal from a final judgment in a certiorari proceeding, the
   equity practice is made applicable by G. L. (Ter. Ed.) c. 213, § 1D,
   inserted by St. 1943, c. 374, § 4.
A vote by the Board of Collegiate Authority that "an educational insti-
   tution maintaining a veteran student in membership whose percentage
   of absence exceeds ten per cent thereby raises the question as to
   whether the approval of . . . [the institution by the board] shall be
   continued," and action by the board withdrawing its approval of a
   certain institution for excessive absences pursuant to such vote, were
   not shown to contravene any Federal law or Veterans' Administration
   regulation or to be unreasonable, capricious or discriminatory.

PETITIONS for writs of certiorari, filed in the Superior
Court on September 19, 1951.

The cases were heard by *Good*, J.

*Carleton L. Feener*, president, for the petitioners.

*Samuel H. Green*, Assistant Attorney General, for the
respondent.

LUMMUS, J.   These petitioners for writs of certiorari
allege that they were approved by the respondent board as
training schools for veterans being educated under the so
called G. I. bill of rights.   The powers of the respondent
board are explained in *Clarke* v. *Board of Collegiate Au-
thority*, 327 Mass. 279.

It appears by the return of the respondent board that on
October 24, 1950, it voted as follows: "That an educational

<hr>

[1] The companion case is a petition of the same kind brought against the
same respondent by Feener Technical Schools, Inc.

institution maintaining a veteran student in membership whose percentage of absence exceeds ten per cent thereby raises the question as to whether the approval of the Board of Collegiate Authority . . . shall be continued." A copy of that vote was given to the petitioners and to other schools, in which it was stated that "if it is found on inspection that an institution has retained in membership a veteran student whose record of absence exceeds ten per cent for a period of three months, this fact will be reported to the Board of Collegiate Authority," with the recommendation that its approval of that institution be withdrawn. The return also stated that from December 1, 1950, to May 31, 1951, the percentage of absences in each of the petitioner schools exceeded twenty per cent. On July 17, 1951, upon reports submitted to it by the Veterans' Administration and its own field supervisor, the respondent board withdrew its approval of each of the petitioners. The petitioners on August 2 and 20, 1951, were given a hearing at which witnesses and counsel were heard, and on September 11, 1951, the respondent board voted to reaffirm its action of July 17, 1951, withdrawing its approval from each of the petitioners. Counsel for both parties stipulated that the respondent board found that each of the petitioners "had maintained a veteran student whose absences exceeded ten per cent."

The prayer of each petition is that a writ of certiorari issue, quashing the vote of July 17, 1951, withdrawing the approval by the respondent board for training veterans. Oral evidence was taken and is reported. The judge entered final judgment dismissing the petition in each case, and each petitioner appealed under G. L. (Ter. Ed.) c. 213, § 1D, inserted by St. 1943, c. 374, § 4, which gives an appeal from final judgment in certiorari or mandamus, and provides that upon such appeal "all questions, whether of fact, of law or of discretion, which were open at the hearing before the single justice or before the superior court, as the case may be, shall be open to the same extent as before such justice or court." By that section the practice in equity, including reports of evidence and of material facts, is made

applicable. *Murphy* v. *Third District Court of Eastern Middlesex*, 316 Mass. 663, 667. *Henderson* v. *Mayor of Medford*, 321 Mass. 732. *Gilligan* v. *Registrars of Voters of Wilmington*, 323 Mass. 346, 348. *Hill* v. *Trustees of Glenwood Cemetery*, 323 Mass. 388, 392. *Needham* v. *County Commissioners of Norfolk*, 324 Mass. 293, 295. *Karl V. Wolsey Co. Inc.* v. *Building Inspector of Bedford*, 324 Mass. 419, 420. *Warner* v. *Selectmen of Amherst*, 326 Mass. 435, 436. *Adamsky* v. *City Council of New Bedford*, 326 Mass. 706.

The petitioners contend that the Federal statutes restrict the right of the respondent board to require not more than ten per cent of absences in schools teaching veterans under the so called G. I. bill in order to retain an approval for the school by the respondent board. Under Vet. Reg. No. 1 (a), Part VIII, paragraph 6 (a) (U. S. C. [1946 ed.] Sup. IV, Title 38, c. 12), a veteran student shall be paid a subsistence allowance "including regular holidays and leave not exceeding thirty days in a calendar year." That provision relates only to subsistence allowance, and not to the management or approval of schools. Nothing in it prevented the respondent board from adopting or enforcing a policy that did not tolerate as much absence. The same is true of paragraphs 10065 and 10066 of the Veterans' Administration Regulations, dated February 3, 1951, promulgated under the authority given to the administrator of veterans' affairs by Vet. Reg. No. 1 (a), Part VIII, paragraph 9 (U. S. C. [1946 ed.] Sup. IV, Title 38, c. 12). By Vet. Reg. No. 1 (a), Part VIII, paragraph 11 (e) 2 h (U. S. C. [1946 ed.] Sup. IV, Title 38, c. 12), the appropriate approving agency of the State, in this case the respondent board, may require schools to meet "Such additional criteria established by the State approving agency as it may deem necessary for approval of schools training veterans under this part."

One petitioner, the Feener Business Schools, Inc., contends that it is not within the purview of the criteria set forth in Vet. Reg. No. 1 (a), Part VIII, paragraph 11 (e) 1, 2, since it did not have "fewer than twenty-five students,

or one-fourth of the students enrolled (whichever is larger), paying their own tuition . . . ." The only evidence to substantiate this contention is oral testimony heard by the respondent board at the two hearings afforded the petitioners. We do not pause to determine whether this contention is correct because neither the trial judge nor the respondent board had to believe that oral testimony, even if it were uncontradicted. See *Ryder* v. *Garden Estates, Inc., ante,* 10, 13, and cases there cited.

The petitioners attack the attendance requirement established by the respondent board on the ground that it is unreasonable, capricious and discriminatory. Assuming that the petitioners have standing to raise this contention, it is not fatal to the respondent board's action since the petitioners have not sustained the burden of showing that upon the face of the respondent board's return as extended the respondent board's action was unreasonable, capricious or discriminatory. "The burden is upon the petitioners to show that upon the face of the return the respondents have committed an error of law." *Clarke* v. *Board of Collegiate Authority,* 327 Mass. 279, 282. Before taking the action here complained of the respondent board considered the report of its field agent listing the names of some eighty-seven students attending the petitioning schools whose absences ranged from in excess of ten per cent to in excess of thirty per cent for a six month period. The absences of most of these students were not explained to the respondent board by the petitioners.

One petitioner, the Feener Technical Schools, Inc., contends that it could not raise its attendance standard from seventy-five per cent to ninety per cent without jeopardizing the license issued to it by the department of education. There is nothing on the face of the respondent board's return as extended to indicate that such was the case. The petitioner has not brought to the attention of the court any provision in St. 1941, c. 583, or in any other act or regulation to support its contention.

The Feener Technical Schools, Inc., also contends that it

was recertified by the respondent board on March 19, 1951, and on April 9, 1951, for additional courses and this prevents the respondent board from withdrawing its approval from the petitioner on the basis of absences prior to those dates. Even if we assume that the respondent board is so restricted, the respondent board's return as extended indicated that the petitioner retained in membership students whose absences subsequent to those dates exceeded ten per cent.

The petitioners condemn the chairman of the respondent board for bias and prejudice against them at the hearings of August 2 and 20, 1951. We have read the reported evidence and proceedings at those hearings, and find no basis for such condemnation. The petitioners were not entitled to the hearings which were given. *Clarke* v. *Board of Collegiate Authority*, 327 Mass. 279, 283–284.

In each case the entry will be

*Judgment affirmed with*
*costs of appeal.*