HENRY J. MAIEWSKI *vs.* BOARD OF REGISTRARS OF VOTERS OF DEERFIELD & another.

Franklin.   May 8, 1964. — June 23, 1964.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, KIRK, & SPIEGEL, JJ.

*Elections.*

> The record in an election case warranted a finding by the trial judge that "there was sufficient identification" of the petitioner as the candidate for a town office for whom voters intended to vote when they wrote a name for that office on their ballots and that they "knew that they were voting for . . . [the petitioner] and not for" a man with a name similar to the petitioner's who had not been a candidate for office or active politically, and the ballots cast for the petitioner should have been counted for him even though the voters had not written his residence thereon as directed by G. L. c. 54, § 77.

PETITION for a writ of mandamus filed in the Superior Court on May 23, 1963.

Edwin J. Lipinski was allowed to intervene. The case was heard by *Brogna, J.*

*Sebastian J. Ruggeri (Edward M. Dangel & Leo E. Sherry* with him) for the intervener.

*Douglas E. O'Neil* for the petitioner.

WHITTEMORE, J. The petitioner Maiewski sought a writ of mandamus to correct a recount of the ballots cast March 4, 1963, in a contest for the office of selectman of Deerfield in which Maiewski ran as a write in candidate. The board

---

of registrars had certified that 445 votes had been cast for
the intervener (Lipinski) and that 420 votes had been cast
for Maiewski. The judge in the Superior Court ruled that
92 ballots counted as blanks by the registrars should have
been counted for Maiewski and ordered that the writ should
issue accordingly.

The asserted defect noted by the board on each of these
ballots was that in writing Maiewski's name in the place
provided the voter had omitted Maiewski's address.

The judge found that there was another voter in Deer-
field whose name, Henry A. Majewski, was similar to the
petitioner's but that Majewski had not been a candidate for
office or active politically while the petitioner had been out-
spoken against the previous board of selectmen and had
campaigned on the issue of erecting a bridge in South Deer-
field. The judge concluded that "there was sufficient iden-
tification of the petitioner and that the voters knew that
they were voting for him and not for Henry A. Majewski."[1]

This finding was warranted on the excerpts of testimony
included in the record and on the exhibits. In the light of
the finding the ruling that the ballots should be counted was
right. General Laws c. 54, § 77, provides that in casting a
write in vote the voter shall insert "the name and residence
of . . . [the] candidate in the space provided therefor and
. . . [make] a cross in the square at the right . . . ."
However, in *O'Brien* v. *Board of Election Commrs.* 257
Mass. 332, 338–339, the directory nature of the requirement
to write in the candidate's residence was recognized. The
court said "that if the intent of the voter can be determined
with reasonable certainty from an inspection of the ballot,

---

[1] The name written on the ballots validated by the judge was the petitioner's
name "Henry Maiewski" as it appears on the voting list. On some ballots
there was a minor variation in the spelling of the name "Maiewski" but the
ballots entirely in order, except for the omission of the address, are sufficient
in number, if counted, to overcome Lipinski's lead. On two ballots the name
appears as "Henry J. Maiewski." This is the name of the petitioner accord-
ing to the title of this petition. The judge described the petitioner as Henry J.
Maiewski. The petitioner's printed sticker and his flyer, both in evidence,
named him without the middle initial. The name Henry A. Majewski appears
on no challenged ballot. The discrepancy in respect of the petitioner's middle
initial does not, in our view, affect the result.

in the light of the generally known conditions attendant upon the election, effect must be given to that intent . . ., provided the voter has substantially complied with the requisites of the election law . . . . The omission of the residence of the intervenor on some ballots [on which the name had been written by the voters] rightly was found not to invalidate such votes." See G. L. c. 54, § 106 ("if his choice cannot be determined, his ballot shall not be counted . . . ."); *Ray* v. *Registrars of Voters of Ashland,* 221 Mass. 223, 227–228; *DePetrillo* v. *Registrars of Voters of Rehoboth,* 342 Mass. 13, 14–15.

The intervener's brief asserts, without amplification of the point, that the "recount was invalid by failure of . . . compliance with . . . G. L. . . . c. 54, § 135, in the same manner as appears in *Felch* v. *Registrars of Voters of Salisbury,* 336 Mass. 7." See *Early* v. *Board of Registrars of Voters of Worcester,* 345 Mass. 47. There is no finding in respect of such an issue. The pleadings do not present it. Indeed, the intervener's answer asserts that the "recount was . . . in conformity with law in all respects . . . ." The issue is not before us on this appeal.[2]

The judge found "minor infractions of the election law . . . [that] did not materially affect the election and free choice of the voters." There is no basis for concluding otherwise and we need not determine whether and to what extent the election laws were violated.

*Order affirmed.*

---

[2] The protested ballots are before us. They were indorsed as required by G. L. c. 54, § 135, so that it is plain that the deficiency stressed in the *Felch* case did not exist. The exhibits and the abbreviated record do not show with certainty just what was done as to sealing the protested ballots and the other ballots.