Lowy, David A., J.
On May 2, 2005, the people of the Town of West Newbury (‘Town”) cast their votes in the annual selectmen’s race. Of the 849 votes cast and counted for the Office of Selectmen that day, seven votes separated intervener Sherrie H. Gadd (“Gadd”), the successful candidate, from plaintiff Glenn Kemper (“Kemper"), her closest opponent. Kemper now brings suit challenging the Registrars of Voters of the Town of West Newbury’s (“Registrars”) certification of Gadd as the winner of the Town’s election. Kemper seeks injunctive relief enjoining Gadd’s certification as the winner of the election and declaratory relief certifying Kemper as the election’s true winner. Also before the Court is Kemper’s motion in limine to limit the review in this matter solely to contested ballots. For the reasons explained below, the plaintiffs motion for injunctive and declaratory relief is ALLOWED in part and DENIED in part. The plaintiffs motion in limine is DENIED.

BACKGROUND

The Town held its annual election on May 2, 2005. The ballot included a position for a three-year term on the Town’s Board of Selectmen. Since no candidate had submitted nomination papers to the Town, no names appeared on the ballot. Instead, the candidates ran as write-in or sticker candidates, meaning that voters would have to hand write or affix a sticker to the ballots indicating their choices for selectman.
Given the fact that the selectman candidates were write-in candidates, the Town Clerk determined the requisite criteria of a valid ballot prior to the election. After reviewing the pertinent statute, regulation, and case law, the Town Clerk decided that the ballots need not state the candidate’s address but must contain the candidate’s first and last name to be counted. The Town Clerk met with each candidate’s representative before the election and informed them of these criteria.
Plaintiff Kemper and intervener Gadd both ran for the selectman position and conducted thorough campaigns in support thereof; they advertised their full names in local newspapers, erected signs, made public appearances, and set up tables in front of the polling location during the election to pass out ballot stickers. The candidates’ stickers stated their full names and addresses.
The ballots stated, “To vote for a person whose name is not printed on the ballot, write the candidate’s name on the line provided and completely fill in the OVAL.” The Registrars announced Gadd the winner of the May 2, 2004 election by a count of 424 votes for Gadd to 420 votes for Kemper.
On May 23, 2005, at Kemper’s request, the Registrars recounted the votes by hand. The final tally was 428 votes for Gadd and 421 votes for Kemper. The Registrars certified the recount. At the recount, each candidate had the right to have a representative observe how the teller counted each ballot. The candidates and their attorneys attended the recount. Kemper protested thirty-three ballots that the Registrars chose not to include in the final tally. Thirty of these thirty-three ballots contained solely the last name “Kemper.” Gadd protested two ballots. The Registrars sealed, labeled, and delivered to the Town Clerk all thirty-five contested ballots in accordance with G.L.c. 54, §135.
There are two registered voters in the town of West Newbury with the last name Kemper: plaintiff Glenn Kemper and his wife. There are five registered voters in the town with the last name Gadd: intervener Sherrie Gadd, her husband, and other family members.

DISCUSSION

The issue in this case is whether the Registrars should have counted the ballots that included only the candidate’s last name. The Supreme Judicial Court (“SJC”) has articulated the “cardinal rule” governing election officials: “if the intent of the voter can be determined with reasonable certainty . . . effect must be given to that intent and the vote counted in accordance therewith, provided the voter has substantially complied with the requisites of election law.” O'Brien v. Board of Election Commissioners, 257 Mass. 332, 338 (1926).
Whether a ballot sufficiently manifests voter intent is a question of fact to be determined on a case-by-case basis. Id. at 340 (election officers and courts must consider the “generally known conditions attendant upon the election” when assessing the validity of a ballot).
Despite the arguments of the defendants and intervener Gadd the holdings of O’Brien and its progeny do *12 not stand for the proposition that “last-name-only” ballots do not sufficiently indicate voter intent as a matter of law. Id. at 340. Rather, O’Brien stands for the proposition that when faced with a “last-name-only” ballot, election officials and ultimately courts reviewing the matter de novo must consider the attendant circumstances. Id. at 340. Thus, given the facts of that case surrounding an election for the Office of District Attorney in Suffolk County, the SJC found that ballots stating only the last name “O’Brien” did not sufficiently indicate voter intent. Id., 257 Mass, at 334, 340.
Looking to the circumstances surrounding the election in this case, however, the intent of voters casting ballots stating only the candidate’s last names can be determined with reasonable certainty. The Court takes judicial notice that the population of the Town of West Newbury is considerably smaller than the population of the City of Boston in 1926. Indeed only 849 votes were cast and counted for Kemper and Gadd combined. Additionally, unlike the surname of O’Brien, both Kemper and Gadd are not common last names in the Town of West Newbury. In fact, there are only two Kempers and five Gadds registered to vote in the Town. Given the vigorous campaigns conducted by both candidates, their uncommon last names, and the size of the voting population, the Court can be reasonably certain that votes cast for “Kemper” and “Gadd” indicate voter intent to vote for plaintiff Glenn Kemper or intervener Sherrie Gadd, respectively.
Since the last-name-only ballots sufficiently convey voter intent in this case, the Court looks next to the pertinent statute, regulation, and case law to determine whether the last-name-only ballots substantially comply with election law. Id., 257 Mass. at 338. The relevant election law is laid out both by statute and by regulation. General Laws c. 54, §33E states in pertinent part, “If a voter wishes to vote for a candidate whose name is not printed upon the official ballot for an office, he may write in the name and address of the candidate of his choice.” In interpreting this statute, the Secretary of State’s Office instructs that, “A write-in or sticker vote shall be counted whenever the intent of the voter can be reasonably determined, whether or not the voter has omitted the address or has made a mistake in the name or address of the candidate.” 950 CMR 52.04(19).
In striving to honor voter intent, election officials and courts should not automatically disqualify a vote for failure to strictly comply with procedural voting requirements. See Delahunt v. Johnston, 423 Mass. 731, 733 (1996). Thus, the SJC ruled that a ballot may be counted even where the voter has not included the candidate’s address. Maiewski v. Board of Registrars of Deerfield, 347 Mass. 681, 682-83 (1964). Here, the argument that the last-name ballots substantially comply with the requirements of the law is especially strong since the ballots themselves simply instructed the voters to write the “candidate’s name,” as opposed to instructing the voters to include the candidate’s first and last or full name. Consequently, since the ballots sufficiently evince voter intent and substantially comply with the requisites of the law, the Registrars should have counted the last-name-only ballots.
Kemper also moves to limit the review to the ballots contested at the May 23, 2005 recount. The Court denies this motion in limine because the plaintiffs arguments both to honor the intent of all the voters and to exclude the intent of some voters are difficult, if not impossible to reconcile.

ORDER

For the foregoing reasons, the parties are hereby ORDERED to contact the Essex County Bar Association and inquire whether two attorneys who volunteer for the Essex County Civil Conciliation Project would be available to serve as masters in this case. The role of the masters would be to count the ballots in the presence of counsel and the parties or their representatives.
The master would then report back to the Court the result of the tally.